■ MICHAEL BARR, Appellant-Respondent, v ELLEN BARR, Respondent-Appellant. [620 NYS2d 262] —In consolidated actions for divorce and ancillary relief, the husband appeals from so much of a judgment of the Supreme Court, Rockland County (Stolarik, J.), entered December 30, 1992, as directed that the defendant wife receive a credit of 1/2 of any mortgage and tax payments made by her with respect to the marital premises upon the ultimate sale thereof pursuant to the terms of the judgment, directed the parties to share the expenses related to

the college education of their younger child in accordance with their ability to so provide, and awarded the defendant wife $4,166.67 per month as maintenance commencing October 1, 1992, and continuing for a period not to exceed seven years, and the wife cross-appeals from stated portions of the same judgment.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the wife is awarded one bill of costs.

Contrary to the husband's contention, the court's maintenance award was proper in view of the statutory factors to be considered in awarding maintenance (see, Domestic Relations Law § 236 [B] [6]; Sperling v Sperling, 165 AD2d 338).

Also, the court properly determined that, as part of the equitable distribution of the parties' marital property, upon the sale of the marital premises, the wife will be entitled to a credit of 1/2 of any mortgage and tax payments she makes with respect to the premises (see, Domestic Relations Law § 236 [B] [5]; see, e.g., Phelan v Phelan, 148 AD2d 433; Friedenberg v Friedenberg, 136 AD2d 593; cf., Berg v Berg, 186 AD2d 236; Ryan v Ryan, 186 AD2d 245; Krantz v Krantz, 175 AD2d 863).

We have examined the husband's remaining contention and find it to be without merit. Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.