■ In the Matter of PAULA J. DARLING, Respondent, v GORDON L. DARLING, SR., Appellant. [632 NYS2d 252] —Casey, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered August 30, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for support of the parties' children.

At issue on this appeal is whether Family Court erred in

requiring respondent to pay child support in the amount of $77 per week despite respondent's lack of actual income or other actual resources to justify the amount. According to respondent, the Child Support Standards Act (Family Ct Act § 413) (hereinafter the Act) does not permit Family Court to impute income to him in the absence of a finding that respondent deliberately stripped himself of income to avoid his obligation for child support or actually possessed other resources, such as non-income producing assets. We reject respondent's arguments.

Consistent with the general rule that child support is determined by a parent's ability to provide, rather than his or her current economic situation (*see, Matter of Moore v Moore,* 115 AD2d 894, 896), the Act imposes the obligation to pay child support upon parents who are "possessed of sufficient means *or able to earn such means*" (Family Ct Act § 413 [1] [a] [emphasis supplied]). Family Court found that respondent's current economic situation did not reflect respondent's ability to earn sufficient means to pay child support. Considering the undisputed evidence that respondent opted not to return to a job in which he had been making $7 per hour and instead began his own business which purportedly produced a net income of less than $5,000 per year, Family Court concluded that respondent's support obligation should be determined on the basis of respondent's proven ability to earn $7 per hour. Family Court also concluded that it was difficult to determine respondent's income because of the complete commingling of his finances with those of his paramour, who was also his business partner.

The Act gives the court "considerable discretion" to attribute or impute income to a parent (*Matter of Susan M. v Louis N.*, 206 AD2d 612, 613; *see, Matter of Smith v Smith*, 197 AD2d 830, 831), and we see no abuse of that discretion in Family Court's decision to impute income to respondent based upon the recent employment which respondent abandoned to pursue a less lucrative career (*see, e.g., Matter of Davis v Davis*, 197 AD2d 622, 623). It is also noteworthy that despite respondent's claims that the expenditure reported by him and his paramour exceeds their income, they were able to obtain a $40,000 mortgage to finance construction of their home. We have considered respondent's remaining arguments and find them meritless.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.