■ JOAN ORLANDO, Respondent, v ANTHONY ORLANDO, Appellant. [635 NYS2d 752] —Casey, J. Appeal from a judgment of the Supreme Court (Vogt, J.H.O.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered March 23, 1995 in Ulster County, upon a decision of the court.

Appeal from an order of the Supreme Court (Bradley, J.), entered July 12, 1995 in Ulster County, which granted plaintiff's motion to hold defendant in contempt of court for failure to obey the provisions of the judgment of divorce.

In his appeal from the judgment entered in this matrimonial action, defendant first contends that Supreme Court abused its discretion in awarding child support in the amount of $200 per week and directing defendant to pay all of the children's unreimbursed medical expenses. According to defendant, his financial status is such that any award of child support other than the statutory minimum is improper. The argument is meritless.

During the early years of the parties' marriage, defendant began a precious metals business which he built into a substantial jewelry business by the time he moved out of the marital residence in 1991. The business was also plaintiff's sole source of income until the parties separated in 1991, after which she no longer worked in the business. According to defendant, the jewelry business encountered financial difficulties, which began within a year after plaintiff commenced this action and culminated in defendant's claim at trial that the business is defunct. Defendant argues that with the business closed he has no income and, therefore, his child support obligation cannot be set at any amount greater than the statutory minimum.

A parent's child support obligation is not necessarily determined by his or her current financial condition (*see, Matter of Darling v Darling*, 220 AD2d 858). The relevant statutory provisions applicable in both Supreme Court (*see,* Domestic Relations Law § 32 [3]) and Family Court (*see,* Family Ct Act § 413 [1] [a]) refer to parents who are "possessed of sufficient means *or able to earn such means*" (emphasis supplied). Accordingly, the courts have "considerable discretion" to attribute or impute income to a parent based upon his or her ability to earn sufficient means to pay child support (*Matter of Susan M. v Louis N.*, 206 AD2d 612, 613). It follows, therefore, that in determining defendant's child support obligation, Supreme Court was not bound by defendant's claim that he has no income due to the failure of his business (*see, Tsoucalas v Tsoucalas*, 140 AD2d 333).

Supreme Court found that defendant is very knowledgeable in the jewelry business and capable of making a comfortable living, a finding which is amply supported by the record. Defendant effectively conceded that his lack of income was at least partially the result of his conscious decision not to pursue business or employment opportunities until the divorce is settled. In these circumstances, we are of the view that it would be appropriate to impute or attribute income to defendant based upon his proven ability to earn as established by the income previously derived from the jewelry business (*see, Matter of Darling v Darling, supra*). The problem, however, is that there is insufficient evidence in the record to determine the income produced by the business. There are business records which reflect the volume of business in prior years, but the records do not establish the income available to defendant as a result of the business. There is also evidence that the business records produced by defendant are incomplete and/or inac-

curate. It is equally significant that although the record contains the parties' income tax returns for several earlier years when the business was active, both parties invoked their 5th Amendment privilege against self-incrimination when asked whether the returns were accurate.

The Child Support Standards Act provides that when there is insufficient evidence to determine gross income, "the court shall order child support based upon the needs or standard of living of the child, whichever is greater" (Domestic Relations Law § 240 [1-b] [k]). For the reasons previously set forth, we are of the view that this is an appropriate case to apply the provision (cf., Matter of Buley v Buley, 142 AD2d 814). The record establishes that the family lived a comfortable lifestyle, which included luxury automobiles for the parties and private school for the children. Based upon our review of the record, we conclude that the child support award of $200 per week reflects the standard of living of the children and, therefore, will not be disturbed. To the extent that our analysis of the child support issue differs from that of Supreme Court and contains additional findings of fact, we have exercised our authority to review the facts to make the necessary findings. Inasmuch as plaintiff was concededly unemployed, we see no error in Supreme Court's allocation of all unreimbursed medical expenses to defendant.

As to the award of maintenance to plaintiff in the amount of $200 per week for three years, there is no merit to defendant's claim that Supreme Court failed to consider the factors set forth in Domestic Relations Law § 236 (B) (6) (a) (see, Reina v Reina, 153 AD2d 775, 776). We also reject defendant's argument that the award was an abuse of discretion. Plaintiff clearly has the potential to be self-supporting, but will require time and additional study to do so. In addition, she is the primary caretaker of the parties' youngest daughter who was only three years old when the judgment was entered. There is no basis for us to disturb the broad discretion enjoyed by Supreme Court in fixing the amount and duration of maintenance (see, Donnelly v Donnelly, 144 AD2d 797, 798, appeal dismissed 73 NY2d 992).

Defendant's claim that no distributive award to plaintiff was warranted is lacking in merit. Although the evidence presented on the issue of the value of the business was sparse and conflicting, there was sufficient evidence to support the finding made by Supreme Court.

Turning to defendant's appeal from the order entered on plaintiff's contempt motion, we conclude that no hearing was

required in this case before Supreme Court found defendant in contempt for his undisputed failure to pay maintenance and child support and failure to procure health insurance (*see*, *Bowie v Bowie*, 182 AD2d 1049, 1050-1051). As recently determined in the divorce action, defendant possesses the ability to earn a comfortable living. In opposition to plaintiff's motion, defendant presented no evidence that he made any effort to capitalize on his earning ability since the judgment was entered. His election to continue to refrain from engaging in the jewelry business or seeking other employment is insufficient to raise a question of fact regarding the willfulness of his failure to make the ordered payments (*see*, *Farkas v Farkas*, 209 AD2d 316, 318).

Nor did Supreme Court err in referring a portion of the contempt proceeding to a Judicial Hearing Officer (hereinafter JHO). The reference did not delegate Supreme Court's contempt-finding authority to the JHO. Rather, the JHO was authorized to resolve the factual issues raised by plaintiff's claim that defendant's conduct in executing judgments of confession in favor of his parents violated an order regarding disposition of certain marital assets. Upon resolution of the factual issues by the JHO, the question of whether defendant should be found in contempt remains a matter for Supreme Court to decide.

The judgment and order should be affirmed.

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment and order are affirmed, with costs.