■ In the Matter of WILLIAM A. ZWICK, Respondent, v JEAN KULHAN, Appellant. [641 NYS2d 861] —In a child support proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the mother appeals from an order of the Family Court, Westchester County (Tolbert, J.), entered November 14, 1994, which denied her objections to an amended order of the same court (Mrsich, H.E.), dated September 14, 1994, which, after a hearing, *inter alia,* ordered her to pay the petitioner father $546 per month in child support, and fixed child support arrears at $9,670.90, and child care arrears at $2,006.40.

Ordered that the order entered November 14, 1994, is modified, on the facts, by sustaining the mother's objections only to the extent of reducing the amount of child support to $340.70 per month, the amount of child support arrears to $5,777.30, and the amount of child care arrears to $1,337.60, and by reducing the mother's pro-rata share of child support, child care expenses, and health care expenses to 32%; as so modified, the order entered November 14, 1994, is affirmed, without costs or disbursements.

The Hearing Examiner properly imputed $26,000 as income to the mother based on her prior work history (*see,* Family Ct Act § 413 [1] [b] [5] [v]). The mother stopped working in July or August 1992 in order to pursue certain legal matters, including her appeal of a separate order granting custody of the parties' child to the father (*see, Orlando v Orlando,* 222 AD2d 906; *see also, Matter of Darling v Darling,* 220 AD2d 858; *Matter of Davis v Davis,* 197 AD2d 622, 623). Moreover, the $26,000 figure is supported by the record. Child support is determined by the parents' ability to provide for their child rather than their current economic situation (*see, Matter of Darling v Darling, supra; Matter of Moore v Moore,* 115 AD2d 894, 896). An imputed income amount is based, in part, upon a parent's past earnings, actual earning capacity, and educational background (*see, Matter of Mireille J. v Ernst F.J.,* 220 AD2d 502; *Matter of Susan M. v Louis N.,* 206 AD2d 612, 613). The record reveals that the mother earned $13,000 in 1992 after working only part of the year. In addition, the mother has a Master's Degree in English, was previously employed as an elementary school teacher, and was a licensed real estate broker and insurance broker.

However, the Hearing Examiner improvidently exercised its

discretion by also imputing as income to the mother $23,618 her family paid to cover the mother's expenses during 1993 (*see,* Family Ct Act § 413 [1] [b] [5] [iv] [D]). By combining this figure with the $26,000 and thus imputing a total income to the mother of $49,618, the Hearing Examiner essentially doubled the mother's annual earnings to be considered in calculating child support. Moreover, there is no evidence in the record indicating that the mother ever earned that amount in the past.

Accordingly, the mother's annual imputed income is reduced to $26,000. Upon reducing this amount further by $1,989, after deducting imputed Social Security contributions (*see,* Family Ct Act § 413 [1] [b] [5] [vii] [H]), the mother's imputed income subject to child support equals $24,011. The parties' combined income subject to child support, after adding the $51,143 attributed to the father, totals $75,154. Applying the requisite 17% of this total, which comes to $12,776.18 (*see,* Family Ct Act § 413 [1] [b] [3] [i]), and the mother's pro-rata share of 32%, which comes to $4,088.38, the mother's monthly obligation to pay child support equals $340.70. As a result, the mother's child support arrears are reduced to $5,777.30. Because the mother's pro-rata share of the child care expenses and medical insurance expenses is reduced to 32%, her child care arrears are reduced to $1,337.60.

Contrary to the mother's contention, the Family Court proceedings complied with the provisions of Domestic Relations Law § 37. The mother's statement at the preliminary hearing alleging an inability to pay child support did not require the Family Court to stay the proceedings and transmit a copy of the clerk's minutes to a Judge in Georgia, the father's home State (*see,* Domestic Relations Law § 37 [6]; *cf., Matter of Quill v Quill,* 136 AD2d 708).

The mother's remaining contentions are either without merit or not properly before this Court because they are raised for the first time on appeal (*see, State Farm Fire & Cas. Co. v Li-Mauro,* 103 AD2d 514, 521-522, *affd* 65 NY2d 369). Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.