■ MARTHA EISEMAN, Respondent, v JOHN EISEMAN, Appellant. [655 NYS2d 99] —In a matrimonial action in which the parties were divorced by judgment dated September 19, 1994, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), dated November 1, 1995, as, after a hearing, directed him to pay 60% of the total cost of the childrens' education, reimburse the mother $5,655.60 representing arrears for college tuition for the parties' oldest child, and pay $3,500 for the mother's counsel fees.

Ordered that the order is modified by deleting the provisions thereof directing the father to pay $5,665.60 representing arrears for college tuition for the parties' oldest son and allowing him to secure an additional credit of $200 upon the mother's consent, and substituting therefor a provision directing the father to pay the mother the sum of $5,465.60; as so modified, the order is affirmed insofar as appealed from, with costs payable to the mother, and the time within which the father is to pay that sum is extended until 30 days after the date of entry of this order.

At issue on this appeal is the interpretation and application of the provisions in the parties' separation agreement regard-

ing the college expenses of their children. The separation agreement was incorporated but not merged in the judgment of divorce. Upon the mother's application, the Supreme Court found that the father was responsible for paying his proportionate share of the college expenses as determined by the parties in their separation agreement and ordered a hearing to determine the amounts of the parties' respective income, assets, and expenses. Following the hearing, the court directed the father to pay 60% of the total cost of the childrens' education, directed that he reimburse the mother $5,655.60 representing arrears for college tuition for the parties' oldest child, Jason, and directed that he pay $3,500 for the mother's counsel fees.

The father contends that he is unable to afford the tuition required to allow Jason to attend the University of Massachusetts. As noted by the hearing court, although the father's income represents approximately 74% of the parties' total income, the separation agreement only requires that the parties' proportionate contribution to college costs be "to the extent possible in light of their income, assets and expenses". In this respect, the court determined that the father's expenses (including child support), liabilities, and debt service significantly reduced his ability to pay 74% of the total cost of the children's college education. It further determined that since the mother enjoyed a stronger financial position than her salary would indicate, she was able to pay more than 26% of the children's college expenses. Accordingly, the court modified the proportionate obligations of the parties by directing the father to pay 60% of the children's education and the mother to pay 40% of such expenses. Since the court's determination was supported by the record, and the court concluded that the father was financially able to pay 60% of Jason's college costs, the father's objection to Jason's attendance at the University of Massachusetts based on financial inability is rendered unreasonable and must fail (compare, Matter of Hartle v Cobane, 228 AD2d 756; Matter of Collins v Collins, 222 AD2d 584; Matter of Levenson v Levenson, 166 AD2d 592).

With respect to the calculation of reimbursement, the mother concedes on appeal that the father made 10 monthly payments of $100 toward Jason's college expenses as opposed to the 8 payments stated in the court's decision, and that he is therefore entitled to an extra $200 reimbursement credit. The order is modified accordingly.

The Supreme Court's award of counsel fees was in conformity with the equities of the case and the financial circumstances of

the parties. Thus, it did not improvidently exercise its discretion *(see, Leifer v Leifer,* 230 AD2d 717).

The father's remaining contentions are without merit. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.