■ In the Matter of BARRY L. BOSSHOLD, Respondent, v GAEL BRYANT-BOSSHOLD, Appellant. [674 NYS2d 139] —Mercure, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered November 24, 1995, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child support.

The primary contention advanced on appeal is that Family Court erred in imputing income to respondent, who claims to suffer from a disability that prohibits her from working, and making an award of child support and denying respondent spousal support on the basis thereof. Respondent appeared *pro se* at the hearing conducted before a Family Court Hearing Examiner and, although claiming a disability that precluded her from working, refused to offer evidence in that connection, taking the position that her health problems were "personal

and confidential" and had no bearing on the issue of her ability to provide support for her children. Based upon respondent's failure to present evidence of any disability, as well as her past work history and educational background, the Hearing Examiner determined that respondent had the potential and ability to be gainfully employed and to earn, at a minimum, $6 per hour.

Respondent then filed written objections pursuant to Family Court Act § 439 (e) alleging, *inter alia*, that because of the Hearing Examiner's error in failing to make respondent aware of the legal requirement that she come forward with evidence concerning her disability and in failing to set forth findings of fact as required by law, Family Court should reopen the hearing for the purpose of taking testimony of a physician and caseworker concerning respondent's disability and her current and likely future employment. Noting that respondent had come forward with no competent evidence that she was disabled at the time of the hearing and concluding that the factual findings, as made by the Hearing Examiner and supplemented by Family Court upon review of the objections (*see,* Family Ct Act § 439 [e] [ii]), were sufficient, Family Court denied the objections.

We affirm. As correctly recognized by Family Court, a Hearing Examiner has considerable discretion to impute income to a parent based upon prior employment experience and the earning capacity reflected by her educational background (*see, Matter of Zwick v Kulhan,* 226 AD2d 734; *Orlando v Orlando,* 222 AD2d 906, *lv dismissed in part and denied in part* 87 NY2d 1052; *Matter of Gallager v Flaherty,* 220 AD2d 867). The evidence adduced at the hearing established that respondent earned a Bachelor's degree and had prior work experience as, among other things, a substitute school teacher, a waitress, an office worker, a childcare worker, a cashier and a production worker. As noted, respondent offered no evidence of disability at the hearing and upon filing objections with Family Court offered only terse, conclusory and unsworn letters and reports. Under the circumstances, we perceive no basis for upsetting Family Court's determination.

Respondent's additional contentions have been considered and found to be also unavailing.

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.