■ DEAN GODDARD, Appellant, v LISA GODDARD, Respondent. [682 NYS2d 423] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Dutchess County (Brands, J.), dated September 5, 1997, which, after a nonjury trial, *inter alia,* (1) imputed $20,800 in annual income to him and directed that he make payments to the defendant for child support based on that figure, (2) denied his request for durational maintenance, (3) denied his request for counsel fees, (4)

directed the parties to share equally in late charges and legal fees associated with the mortgage on the marital residence, (5) awarded him only $8,250 from the defendant's tax deferred savings plan, (6) credited him only $1,500 for a barn that he brought onto the marital property, (7) credited him for only half of a medical reimbursement check received by the defendant, (8) credited the defendant $2,396.88 for a judgment paid to a builder at the closing of the marital residence, and (9) failed to award him a credit for $1,000 from the proceeds received by the defendant in connection with an automobile insurance claim.

Ordered that the judgment is modified, on the law, by (1) adding to the 21st decretal paragraph the words "$1,000, representing one-half of the proceeds remaining from the automobile insurance check after the debt on the vehicle was paid", and (2) deleting so much of the 22nd decretal paragraph as credited the defendant in the sum of $2,396.88 paid from the proceeds of the sale of marital real property to a builder in satisfaction of a judgment; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the court did not err in imputing annual income to him in the amount of $20,800 and requiring him to pay child support based on this figure. It is well established that "[c]hild support is determined by the parents' ability to provide for their child rather than their current economic situation" (*Matter of Zwick v Kulhan,* 226 AD2d 734). The plaintiff is educated and skilled and, since voluntarily leaving a position in 1990 where he was making $37,000 annually, has not taken positions that are commensurate with his qualifications and experience (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [v]; Family Ct Act § 413 [1] [b] [5] [v]; *Matter of Zwick v Kulhan, supra; Matter of Susan M. v Louis N.,* 206 AD2d 612; *Davis v Davis,* 197 AD2d 622). Under these circumstances, the court was not required to find that the plaintiff deliberately reduced his income to avoid his obligation for child support in order to impute income to him (*see, Matter of Darling v Darling,* 220 AD2d 858).

Since the marriage was of relatively short duration, and the plaintiff was in good health and could, therefore, become self-supporting, the court did not improvidently exercise its discretion in denying the plaintiff's request for maintenance (*see, Borra v Borra,* 218 AD2d 780; *Gulotta v Gulotta,* 215 AD2d 724). Indeed, when questioned at trial, the plaintiff acknowledged that he was seeking maintenance as a way of obtaining

reimbursement for funds expended by him in pursuing the matrimonial action and in defending himself against criminal charges brought by the State on the defendant's behalf. This is not a proper reason to seek such an award (*see, Sperling v Sperling,* 165 AD2d 338). Nor did the trial court improvidently exercise its discretion in requiring each party to bear the responsibility of paying his or her own counsel fees in connection with this divorce action (*see,* Domestic Relations Law § 237 [a]; *Lee v Oi Wa Chan,* 245 AD2d 270; *Levine v Levine,* 179 AD2d 625; *cf., Wells v Wells,* 151 AD2d 474).

The court did not err in requiring the parties to share equally in any late charges or legal fees associated with the mortgage on the house (*see, Barr v Barr,* 210 AD2d 192), since it was the responsibility of both parties to maintain the house and keep it in good condition so that it could be sold. Moreover, it was proper for the court to award the defendant a credit in the amount of $9,500 for money she spent after the parties separated to repair and renovate the marital residence so that a certificate of occupancy could be obtained and the house sold.

In addition, since the valuation date set by the court for the parties' assets was the date the divorce action was commenced (*see,* Domestic Relations Law § 236 [B] [4] [b]; *Majauskas v Majauskas,* 61 NY2d 481; *Kirshenbaum v Kirshenbaum,* 203 AD2d 534), the court's calculation with respect to the amount of money the plaintiff was entitled to receive from the defendant's tax deferred savings plan was proper. The evidence at trial established that the money which the plaintiff claims should have been included in the valuation amount was withdrawn prior to the commencement of the action.

The court did not improvidently exercise its discretion in granting the plaintiff a credit in the amount of only $1,500 for the barn that he brought onto the marital property. However, the court did err in failing to provide the plaintiff with a credit for $1,000, representing one-half of the proceeds received by the defendant in connection with an automobile insurance claim after she paid the debt on the car.

The defendant conceded at trial that the payment of $2,396.88 from the proceeds of the sale of marital real property to a builder in satisfaction of a judgment was made in satisfaction of a marital debt. Since the joint debt was satisfied with joint marital funds, the court erred in holding that this debt should be borne solely by the plaintiff and in crediting the defendant in this amount.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.