■ In the Matter of BERNICE MARINELLI, Respondent, v JAMES R. VERNILLE, Appellant. (Appeal No. 1.) [714 NYS2d 912] —Order unanimously affirmed without costs. Memorandum: By consent order dated July 11, 1991, petitioner and respondent agreed to contribute to their children's college expenses "pursuant to their ability." In April 1998 petitioner commenced this proceeding seeking an order directing respondent to contribute to the college expenses, asserting that he was not paying any portion of those expenses. Following a hearing, the Hearing Examiner concluded that respondent had the ability

to pay 50% of the children's college expenses and ordered respondent to repay petitioner 50% of her documented payments. Family Court denied respondent's objections to the order of the Hearing Examiner. In December 1998 petitioner moved by order to show cause to hold respondent in contempt for failing to comply with the order requiring him to pay one half of the ongoing college expenses. The Hearing Examiner found respondent in willful violation of that order and awarded judgment to petitioner.

The Hearing Examiner properly concluded that respondent has the financial ability to pay one half of the college expenses of his children (see generally, Eiseman v Eiseman, 237 AD2d 484, 485). Further, the Hearing Examiner did not err in awarding judgment to petitioner without holding a hearing to determine the amount of those expenses. Petitioner presented sufficient evidence to enable the Hearing Examiner to determine that amount as a matter of law, and respondent failed to controvert that evidence. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Support.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.