■ In the Matter of DEBRA DUGUAY, Respondent, v ENZO PAOLETTI, Appellant. [718 NYS2d 493] —Lahtinen, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered October 21, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child support.

Petitioner and respondent, who never married, are the parents of a son born in February 1990. In April 1999 petitioner commenced this proceeding seeking child support. In a written "Findings of Fact and Order" made after a hearing held in July 1999, the Hearing Examiner determined, *inter alia*, that respondent was chargeable with the support of his son and possessed sufficient means to pay child support, that respondent's income for the purposes of calculation of child support under the Child Support Standards Act (Family Ct Act § 413) was $516,207.56 and, after making the necessary adjustments and calculations required by that statute,[1] established respondent's monthly child support obligation at $2,392.53.[2] Respondent filed timely written objections to the determination of the Hearing Examiner and Family Court sustained the Hearing

---

* An additional reason exists for dismissal of the appeal concerning the issue of compensation for the paralegal. That compensation was paid on consent of the County Attorney and defense counsel by order dated May 22, 2000, from which no timely appeal was taken.

1. We note that Family Court incorrectly used only respondent's parental income, rather than the parties' combined parental income, in calculating the parties' income over the $80,000 statutory cap to be used for child support purposes. Using the combined parental income in the calculations would have resulted in a monthly child support obligation of $2,555.89 for respondent.

2. The order also directed respondent to provide medical and dental in-

Examiner's findings by denying respondent's objections. Respondent now appeals.

On appeal respondent argues that Family Court's determination of his parental income is not supported by the record, that Family Court erroneously applied Family Court Act § 413 (1) (b) (5) (iii) (F) by imputing to him as an asset available for child support purposes a $250,000 lump-sum payment from his former employer and erroneously imputed this sum to him as income for child support purposes pursuant to Family Court Act § 413 (1) (b) (5) (iv) (A), claiming the payment was nonincome producing. We find that Family Court's determination of respondent's income and assets available for child support purposes is amply supported by the record and that the $250,000 lump-sum payment paid to respondent personally in 1998 by his former employer, Virogenetics, was properly imputed by Family Court as income for child support purposes and that the court did not abuse its discretion in doing so (*see, e.g., Matter of Bosshold v Bryant-Bosshold*, 243 AD2d 857).

Respondent argues that these annual lump-sum payments were "seed money" or "option money" destined for his wholly owned research and development corporation, Paoletti Research and Development Corporation, for research on human vaccines which, when developed, would be optioned to Virogenetics to market and that Family Court improperly labeled the payment a "stock option." Notwithstanding the label attached to said payment, it is not disputed that respondent was paid this money personally and that most of it ended up in an investment account controlled by respondent personally, notwithstanding the fact that the account was maintained in the name of the corporation. Respondent characterized this money as a "shareholder loan" to his corporations and not income to him. Respondent had every opportunity to develop the record regarding this payment (*see, Matter of Ogborn v Hilts*, 262 AD2d 857, 859) and refused to do so, citing a confidentiality agreement with Virogenetics as precluding him from fully revealing that relationship. While the payment was not reflected as income on respondent's personal or corporate tax returns, Family Court is not required to accept figures on a party's income tax return (*see, Matter of Liebman v Liebman*, 229 AD2d 778, 779), and respondent's claim of shareholder loans is belied by the lack of any documentation to that effect and his admission that no interest was paid to him as a result of these alleged loans. It is clear that Family Court undertook

surance for the child, to pay all uninsured health related expenses for the child and to pay 100% of the child care expenses. Respondent does not seek review of this portion of the order.

a thorough evaluation of the evidence and since its decision to include the lump-sum payment as an asset available for child support purposes is justified by our review of that proof, we are reluctant to substitute our judgment (*see, Matter of Kazim v Kazim*, 265 AD2d 636, 638) and will not do so.

We also find without merit respondent's argument that Family Court could not impute income to him from this $250,000 annual payment. His claim is clearly contradicted by the language of Family Court Act § 413 (1) (b) (5) (iv), which states that "at the discretion of the court, the court may attribute or impute income from, such other resources as may be available to the parent." Having determined that the $250,000 payment was an asset available for child support purposes, Family Court imputed the full amount of the payment as income, a decision fully supported by our reading of the record. We also note that "the Child Support Standards Act grants Family Court discretion to attribute or impute income from nonincome-producing assets to a parent charged with the support of his or her children" (*Matter of Ogborn v Hilts, supra*, at 859).

However, our review of Family Court's actual calculation of respondent's child support obligation reveals that the court erroneously imputed two of the $250,000 lump-sum payments as income for child support purposes in 1998, instead of the single payment actually received by respondent that year and failed to include his 1998 reported income, requiring us to recalculate respondent's monthly child support obligation. In doing so, we add respondent's income as reflected in his 1998 income tax return ($212,853), which includes his New York State retirement benefits actually paid to him in 1998 and respondent's profit from his wholly owned research and development corporation ($4,414), and then subtract $6,886.54 in FICA deductions on respondent's employment income as reflected in his 1998 income tax return (Family Ct Act § 413 [1] [b] [5] [vii] [H]) and $13,547.04 annual support payments to respondent's former spouse (Family Ct Act § 413 [1] [b] [5] [vii] [B]), thereafter adding the $250,000[3] lump-sum payment, which we have found to be correctly imputed as income to respondent for child support purposes, resulting in an income of $446,733.42. Petitioner's income for child support purposes was correctly determined to be $50,377.11, resulting in a combined parental income of $497,110.53, with respondent's pro rata share being 90% and petitioner's pro rata share being 10%.

Applying the 17% child support percentage for one child to

---

**3.** There was no proof that any FICA taxes were paid on this imputed income.

the first $80,000 of combined parental income results in a monthly support obligation of $1,020 ($80,000 × 0.17 = $13,600 × 0.90 = $12,240 ÷ 12 = $1,020) (see, Family Ct Act § 413 [1] [c] [2]) for respondent. Applying the unchallenged determination of Family Court to use 25% of the parties' combined parental income over the $80,000 cap for child support purposes, which stems from the analysis in *Matter of Cassano v Cassano* (85 NY2d 649), results in a further monthly obligation of $1,329.54 ($104,277.63 × 0.17 = $17,727.20 × 0.90 = $15,954.48 ÷ 12 = $1,329.54) for respondent. Accordingly, respondent's total monthly basic child support obligation should be $2,349.54 and Family Court's order must be modified accordingly.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as calculated respondent's child support obligation based on a combined parental income of $516,207.56; respondent's income for the purposes of the Child Support Standards Act is $446,733.42, the parties' combined parental income is $497,110.53 and respondent's monthly child support obligation shall be $2,349.54; and, as so modified, affirmed.