■ In the Matter of DAVID P. CROSBY, Respondent, v ANNA M. HICKEY, Appellant. [734 NYS2d 786] —Order unanimously af-

firmed without costs. Memorandum: Respondent contends that Family Court improperly imputed an annual income of $14,754 to her in computing child support. We disagree. The record establishes that respondent left her last employment voluntarily, after earning slightly more than $7,000 in the first five or six months of 1997. A voluntary decision by a parent to reduce his or her income is not a change of circumstances warranting the reduction of a child support obligation (*see, Matter of Diamond v Diamond*, 254 AD2d 288). "Child support is determined by the parents' ability to provide for their child rather than their current economic situation" (*Matter of Zwick v Kulhan*, 226 AD2d 734). Respondent failed to establish that she "is not presently capable of earning at the level [s]he reached prior to [her voluntary] termination" (*Matter of Cattaraugus County Commr. of Social Servs. v Bund*, 259 AD2d 973, 974). Respondent failed to preserve for our review her contention that the court erred in failing to apply the self-support reserve to her imputed annual income in computing child support. In any event, that contention is without merit. Respondent failed to establish that she is in need of funds for self-support (*see, Matter of Meyers v Cicci*, 233 AD2d 723). (Appeal from Order of Steuben County Family Court, Latham, J.—Support.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.