■ PETER BIGLER, Appellant, v PATRICIA BIGLER, Respondent. [749 NYS2d 733] —In a matrimonial action in which the parties were divorced by judgment dated May 13, 1994, the plaintiff appeals, as limited by his brief, from so much of an order of the

Supreme Court, Kings County (Marks, J.H.O.), dated March 21, 2001, as, after a hearing, granted those branches of the defendant's motion which were to direct him to pay child support arrears in the amount of $55,525 for the period prior to October 17, 2000, and $30,979.74 for the period from October 17, 2000, through March 21, 2001, and to pay future child support based on an imputed annual income of $100,000.

Ordered that the matter is remitted to the Supreme Court, Kings County, to set forth the factors considered and the reasons for its calculation of child support arrears for the period prior to October 17, 2000, and for the period from October 17, 2000, through March 21, 2001, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

Contrary to the plaintiff's contention, the Supreme Court properly imputed annual income to him in the amount of $100,000 and required him to pay child support based on that figure. It is well established that child support is determined based upon a party's "ability to provide for their child rather than their current economic situation" (*Goddard v Goddard,* 256 AD2d 545, 546 [internal quotation marks omitted]; *see Matter of Zwick v Kulhan,* 226 AD2d 734). The plaintiff is educated and skilled, and has not taken a position commensurate with his experience and skills since leaving a position in October 1999. Under these circumstances, the court, in order to impute income to him, was not required to find that the plaintiff deliberately reduced his income to avoid his obligation for child support (*see Goddard v Goddard, supra* at 546; *Matter of Darling v Darling,* 220 AD2d 858, 859).

The order appealed from is unclear in the following respects: First, the Supreme Court expressly determined that the plaintiff was not responsible for orthodontic expenses, which it concluded were not extraordinary medical expenses as contemplated by the judgment of divorce. However, it appears that the court inadvertently included $6,000 in orthodontic expenses in its calculation of arrears for the time period prior to October 17, 2000.

Second, based on the Child Support Standards Act, the Supreme Court properly determined that the plaintiff owed $1,408.17 per month in child support for the period from October 17, 2000, through March 21, 2001. Based on its determination, the plaintiff owed arrears of approximately $7,040 for the five-month period at issue. However, the court calculated the plaintiff's arrears for that period to be $30,979.74, a discrepancy of almost $24,000.

Thus, we remit the matter to the Supreme Court, Kings County, to set forth the factors considered and the reasons for its calculation of child support arrears for the period prior to October 17, 2000, and for the period from October 17, 2000, through March 21, 2001. Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.