■ PETER BIGLER, Appellant, v PATRICIA BIGLER, Respondent. [755 NYS2d 891] —In a matrimonial action in which the parties were divorced by judgment dated May 13, 1994, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Marks, J.H.O.), dated March 21, 2001, as, after a hearing, granted those branches of the defendant's motion which were to direct him to pay child support arrears in the amount of $55,525 for the period prior to October 17, 2000, and $30,979.74 for the period from October 17, 2000, through March 21, 2001, and to pay future child support based on an imputed annual income of $100,000. By decision and order dated November 18, 2002, this Court remitted the matter to the Supreme Court, Kings County, to state the factors considered and the reasons for its calculation of child support arrears, and the appeal was held in abeyance in the interim (*see Bigler v Bigler,* 299 AD2d 435 [2002]). The Supreme Court has now filed its report.

Ordered that the order is modified, on the facts, (1) by deleting the provision thereof directing the plaintiff to pay the defendant $55,525 in child support arrears for the period prior to October 17, 2000, and substituting therefor a provision directing the plaintiff to pay the defendant $48,000 in child support arrears for that period, and (2) by deleting the provision thereof directing the plaintiff to pay the defendant $30,979.74 in child

support arrears for the period from October 17, 2000, through March 21, 2001, and substituting therefor a provision directing the plaintiff to pay the defendant $7,040.85 in child support arrears for that period; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In her report, Judicial Hearing Officer Marks (hereinafter the J.H.O.) acknowledged that neither a transcript of the hearing nor her original notes and calculations regarding the arrears awarded for the time period prior to October 17, 2000, were available to her to assist with review upon remittitur. Consequently, she suggested that arrears be set at $48,650, the amount requested by the plaintiff upon summation. However, we find that arrears for the relevant period are properly set at $48,000, the amount advocated by the plaintiff on appeal, as the defendant did not oppose this request. The J.H.O. also explained that the arrears for the time period from October 17, 2000, through March 21, 2001, were erroneously set as though her monthly order had been a weekly order. Accordingly, arrears for that period are set at $7,040.85, to correct the Supreme Court's computation error. Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.