■ In the Matter of MEDHAT M.S. AHMED, Appellant, v ROSE ZAMOR, Respondent. [761 NYS2d 504] —In a maintenance and child support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Rockland County (Warren, J.), entered June 19, 2002, which denied his objections to an order of the same court (Mrsich, H.E.), dated December 24, 2001, which, after a hearing, dismissed his petition for a downward modification of his maintenance and child support obligations.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner's claim of changed circumstances is without merit because the amount of income imputed to him was not contingent on his becoming a licensed physician, but was based on his earning capacity as reflected in his qualifications and educational background (*see* Domestic Relations Law § 236 [B] [6] [a] [3]; *Bittner v Bittner,* 296 AD2d 516, 517 [2002]; *Morrissey v Morrissey,* 259 AD2d 472, 473 [1999]; *Goddard v Goddard,* 256 AD2d 545, 546 [1998]; *Matter of Bosshold v Bryant-*

*Bosshold,* 243 AD2d 857, 858 [1997]; *Matter of Zwick v Kulhan,* 226 AD2d 734 [1996]).

As the petitioner offered no evidence that he made a good-faith effort to obtain employment commensurate with his qualifications and educational background, the Family Court properly denied his petition for a downward modification of his maintenance and child support obligations (*see Hickland v Hickland,* 39 NY2d 1, 5-6 [1976], *cert denied* 429 US 941 [1976]; *Kay v Kay,* 37 NY2d 632, 636 [1975]; *Viscardi v Viscardi,* 303 AD2d 401 [2003]; *Sivigny v Sivigny,* 213 AD2d 243 [1995]).

The petitioner's remaining contentions are without merit. Altman, J.P., Krausman, Luciano and Crane, JJ., concur.