■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of LESLIE A. DAEDA, Respondent, v JOHN LAWRENCE MONICA, Appellant. [781 NYS2d 70]—

Order, Family Court, New York County (Richard N. Ross, J.), entered on or about June 13, 2001, which, inter alia, confirmed the Hearing Examiner's finding, in his decision and findings of fact dated April 9, 2001, that respondent willfully violated the underlying order of support, and order, same court (Mary E. Bednar, J.), entered on or about October 4, 2001, which denied respondent's objections to the Hearing Examiner's findings, unanimously modified, on the law, to the extent of remanding the matter to Family Court for a determination of the reasonable value to respondent of the apartment he occupied as a caretaker, and otherwise affirmed, without costs.

In the absence of any reliable records of respondent's actual employment income or evidence of genuine and sustained efforts to secure gainful employment, income was properly imputed (*see Matter of Collins v Collins*, 241 AD2d 725, 727 [1997], *appeal dismissed and lv denied* 91 NY2d 829 [1997]). In calculating respondent's support obligation, the Hearing Examiner properly imputed earnings to respondent, a tile setter with 14 years of experience, at the median income for the trade, as determined by the Bureau of Labor Statistics.

However, the Hearing Examiner incorrectly counted as

income the market rental value of the apartment in which respondent resides, rather than its reasonable value to him. Respondent is not a tenant of the apartment, entitled to all of the rights that a leasehold interest entails, but occupies the premises merely as a caretaker for the tenant, a personal friend. Thus, a better measure of imputed income is the value of the temporary residence in addition to, or in lieu of, remuneration for respondent's custodial services.

Finally, in view of respondent's election to pay debts owed to the same friend rather than child support, his violation of the child support order was properly found to be willful (*see Matter of Powers v Powers*, 86 NY2d 63, 70 [1995]). Concur—Tom, J.P., Andrias, Sullivan and Lerner, JJ.