Matter of Allan T. v Debra D. (2004 NY Slip Op 51565(U))

[*1]

Matter of Allan T. v Debra D.

2004 NY Slip Op 51565(U)

Decided on December 9, 2004

Family Court, Oswego County

Roman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 9, 2004

Family Court, Oswego County
In the Matter of a Proceeding for Support under Article 4 of the Family Court Act ALLAN T., Petitioner,
against
DEBRA D., Respondent.
F-00685-01/03 B & C

Anthony J. DiMartino, Jr., Esq.
Attorney for Petitioner
186 West First Street
Oswego, New York 13126
Maureen K. Walsh, Esq.
Attorney for Respondent
Two Clinton Square
Syracuse, New York 13202

David J. Roman, J.
On November 8, 2004, Petitioner, by and through his attorney, Anthony J. DiMartino, Jr., [*2]Esq., filed specific written Objection(s) to an Order(s) of Support Magistrate James L. Gorman, entered on October 4, 2004. The Court received a Rebuttal, on November 18, 2004, from Respondent's attorney, Maureen K. Walsh, Esq.
These proceedings were originally commenced by Petitioner, on April 14, 2003, upon the filing of a modification petition seeking a reduction of his child support obligation due to a change of circumstances involving the loss of his employment. Thereafter, on June 26, 2003, Respondent filed a Cross-Petition seeking enforcement and modification of the parties' Judgment of Divorce, dated March 29, 2001, and entered in the Oswego County Clerk's Office on May 2, 2001. Following preliminary appearances, all matters were scheduled for trial before Support Magistrate Gorman, which commenced on October 24, 2003, and concluded on March 11, 2004. Mr. Gorman issued a written decision on June 25, 2004, dismissing Petitioner's modification petition, and granting the Cross-Petition, finding that Petitioner committed a willful violation of the prior support order, and was responsible for contributing toward his son's college expenses, among other terms. A final order was entered on October 4, 2004. These Objections are filed therefrom.
Mr. DiMartino raises several points in these Objections, namely, that Support Magistrate Gorman erred by requiring Petitioner to contribute toward his son's college expenses at a private university because such costs are exorbitant, and beyond his means and ability; that Mr. Gorman erred by imputing income to Petitioner upon a finding that he was discharged from his employer for cause; and finally, that it was error to award attorney's fees.
In the Rebuttal, Ms. Walsh requests a dismissal of these Objections as untimely, but advances several alternative arguments in support of the affirmation of the Support Magistrate's Findings of Fact. First, she maintained that Mr. Gorman, as the trier of fact, made fair and reasonable Findings, after a trial, and based upon the testimony and evidence presented, and after consideration of the parties' respective credibility. Second, she contends that Petitioner's claim that he lacks sufficient means to contribute to college expenses based solely on his earnings, is without merit because he has substantial equity in various assets such as real property, automobiles, a boat and pension funds, all of which he could borrow against. Finally, she argues that the award of attorney's fees was warranted based upon Mr. Gorman's determination that a willful violation was committed. Notwithstanding, she also asserts that the parties' Separation/Opting-out Agreement contains contractual language authorizing the Support Magistrate to require payment of attorney's fees in this case. Ms. Walsh requests that the Court deny these Objections based upon the foregoing points.
As a general rule, the Support Magistrate's Findings of Fact "should not be rejected unless they are contrary to the weight of the credible evidence or in error as a matter of law (see Matter of Weiner v. Weiner, 97 Misc 2d 920 (Monroe Co. Family Ct. 1979)." The greatest deference should be given to the factual findings of a support magistrate who is in the best position to assess the credibility of the witnesses and the evidence proffered (see Matter of Niagara County DSS v. Randy M., 206 AD2d 878 (4th Dept. 1994); Matter of McCarthy v. Braiman, 125 AD2d [*3]572 (2nd Dept. 1986)).
In the first Objection, counsel cites Eiseman v. Eiseman, 237 AD2d 484 (2nd Dept. 1997), in support of the argument that the college contributions, as ordered by Mr. Gorman, are beyond Petitioner's means and ability to afford. In the latter case, the father's actual income represented 74% of the combined income, but the lower court directed the father to pay only 60% of the college costs, and the mother 40%, based upon the record which supported an adjustment to the parties' proportionate shares because the mother actually enjoyed a stronger financial position than her earnings seemed to indicate. In affirming the latter determination, the appellate court rejected the father's objection to his son's attendance at a private university, based upon financial inability to contribute toward such costs, as unreasonable. In reviewing these type issues on appeal, the Fourth Department follows the same analysis set forth in the Eiseman case (see Marinelli v. Vernille, 273 AD2d 901 (4th Dept. 2000). Based upon the record in the present case, Mr. Gorman properly considered whether Respondent has the financial ability to contribute toward his son's college costs, and concluded from the record before him that Petitioner is possessed of sufficient assets to meet such obligation. Therefore, the first Objection must be denied.
In the second Objection, counsel requests that this Court review Mr. Gorman's findings upon the basis that the costs of attendance at Embry Riddle Aeronautical University are exorbitant and beyond Petitioner's means and ability to pay. The Second Department rejected a similar argument in the Eiseman case. It should be noted, as was in the Support Magistrate's decision, that the proceedings before him were for the enforcement of a pre-existing college cost obligation as set forth in the parties' divorce, not an original application to establish an order for college contributions. The said agreement contains no restriction on the child's choice of schools, nor any mechanism, or "cap" to establish a maximum cost. It would be inappropriate for the Court to arbitrarily impose such limitations, absent clear language in the parties' Agreement. Therefore, the Court finds that a parent does not have the right to challenge the costs associated with attendance at a particular university or college, but must demonstrate that they are not possessed of sufficient financial ability to contribute toward the same. Said issue was fully reviewed in the first Objection, and there are no additional arguments advanced on this point to permit the Court to conclude that Mr. Gorman abused his discretion or otherwise erred as a matter of law. Consequently, the second Objection is denied.
In the third Objection, Mr. DiMartino argues that it was error for Support Magistrate Gorman to impute income to Petitioner, based upon an adverse finding of an administrative law judge for the New York State Department of Labor, who determined in an unemployment eligibility hearing that Petitioner was lawfully discharged from his employment with a construction company for committing misconduct while on the job. "Child support is determined by the parents' ability to provide for their child rather than their current economic situation" (see Crosby v. Hickey, 289 AD2d 1013 (4th Dept. 2001); citing Matter of Zwick v. Kulhan, 226 AD2d 734 (2nd Dept. 1996)). A support magistrate has considerable discretion to impute income (see Family Court Act, §413 (1)(b)(5)), particularly where, as here, the party's financial condition [*4]deteriorated as a result of wrongdoing (see Matter of Knights v. Knights 71 NY2d 865), so long as the amount being imputed has ample basis in fact and law. The Court is satisfied from the written Findings of Fact that Mr. Gorman properly weighed the evidence in the case, and appropriately considered the administrative findings of the Department of Labor. While such findings are not binding upon Mr. Gorman (see Bukovinsky v. Bukovinsky, 299 AD2d 786 (3rd Dept. 2002), he is not precluded from considering such findings which were admitted into evidence in these proceedings. Once the said findings became part of the record, the burden shifts to Respondent to refute such proof, or otherwise establish that he is not capable of earning at the level he was earning prior to losing his employment (see Crosby, supra). Respondent failed to demonstrate his inability to earn a higher wage in this case. Therefore, the third Objection is also denied.
In the fourth and final Objection, it is alleged that Support Magistrate Gorman erred in awarding attorney's fees because he lacked authority to enter a finding of "willfulness" in this case. A support magistrate has authority to award counsel fees in a child support matter pursuant to one of two sections of the Family Court Act, namely, §§438 and 454. Under §438, a support magistrate "...may allow counsel fees at any stage of the proceeding." Applicable case law provides that any such award is discretionary, but to be controlled by the equities of the case, and the financial circumstances of the parties. The applicant must prove that he/she is entitled to counsel fees, and present proof of their inability to pay their own litigation expenses, as well as provide an affidavit from their attorney detailing his/her professional standing, the nature and extent of legal services provided, and the complexity of the issues being litigated in the proceeding. Attorney's fees are also authorized, in a proper case, under §454(3) of the Family Court Act. Said provision states that a support magistrate shall enter an order directing the payment of counsel fees where a support obligor's failure to pay support is determined to be "willful." Fees are mandated under a plain reading of the latter statute, subject to the requirements of §438. A hearing is generally required upon the issue, unless same is waived. The support magistrate must ultimately determine whether the fees being requested are reasonable under all of the circumstances of the case.
The instant enforcement action was initiated by Respondent upon the filing of her Cross-Petition, wherein she sought enforcement and modification of the terms of the parties' Judgment and Decree of Divorce. She requested in the "wherefore" clause in the pleadings that the Support Magistrate find that her former spouse "willfully" violated the terms of the latter order and that he be dealt with in accordance with Article 4 of the Family Court Act. Support Magistrate Gorman based his decision to award counsel fees upon a finding that Petitioner committed a willful violation of the prior order; said award falls under the mandatory nature of §454. Mr. DiMartino correctly asserts that the matter being litigated was an enforcement application, not a petition for a violation of an existing Family Court order. However, the predicate determination for an award of attorney's fees under §454 is a finding of willfullness. Therefore, the threshold issue to be addressed is whether a support magistrate has the authority to make a finding of willfullness in an enforcement proceeding where the underlying order is a judgment of divorce entered by the Supreme Court.
[*5]
The practice commentaries for §454 state that the specific remedies authorized by that section are available in all proceedings, regardless of how they are initiated, but suggests that there are limitations as set forth in §453 of the Family Court Act (see McKinney's 1998 Practice Commentaries to §454). §453 reads in pertinent part that "proceedings under this part shall be originated by the filing of a petition containing an allegation that the respondent has "failed to obey a lawful order of this court (emphasis added). However, according to the express language of §454, the remedy for attorney's fees are mandated "upon a finding by the court that the respondent has willfully failed to obey any lawful order of support (emphasis added). There has been no showing that the subject divorce decree is anything other than "a lawful order of support." Therefore, notwithstanding the practice commentary, Mr. Gorman does in fact have the authority to enter a finding that a party committed a willful violation of the terms of a divorce decree, given the fact that §454 does not reference §453, and has no language limiting a willfullness finding to proceedings for the enforcement of an order of this court, as opposed to "any lawful order of support."
Mr. DiMartino also challenges the award upon the grounds that Petitioner did not willfully violate the terms of the prior order because he lacked sufficient means to pay the college contributions and promptly placed Respondent on notice of such fact by filing a modification petition. In addition, he argues that the parties' agreement is silent upon when Petitioner's obligation to pay college costs would commence. The Court finds both arguments unpersuasive. It cannot be said that Mr. Gorman made any error of fact or law on the record before this Court. Respondent presented sworn testimony and credible evidence to establish that respondent violated the support order referred to in the petition (see Livingston Co. DSS o/b/o Linsner -v- Grimmelt, 254 AD2d 834 (4th Dept. 1998)). The facts and testimony presented is carefully detailed in the written decision, and demonstrates that Respondent met her burden on her Cross-petition to establish a prima facie case of non-payment and willfullness. The burden then shifts to Petitioner to prove that his non-payment was excusable or otherwise non-willful. He failed to offer satisfactory proof to overcome the prima facie finding of a willful violation. The record establishes that he had sufficient resources to meet the college tuition expenses, despite his claim of financial inability. The filing of a modification application does not relieve him of on-going support obligations, unless temporary relief has been granted by the Support Magistrate, and no such relief was granted here. The willfulness finding was based upon the weight of the evidence and credibility of the parties which are matters within the sound discretion of Support Magistrate Gorman. Absent a clear abuse of discretion, the Court will not disturb those determinations.
The only remaining question to address is whether the attorney's fees were awarded in accordance with the established practice under §438. Ms. Walsh submitted an Attorney's Affidavit of Services Rendered, sworn to on July 20, 2004. The file contains correspondence from Mr. DiMartino, dated August 17, 2004, setting forth a general objection to the amount being requested for attorney's fees as "unreasonable," or in the alternative scheduling a hearing upon such issue. Despite such request, a hearing was never held, and there isn't any correspondence in the file from Mr. DiMartino constituting a waiver thereof. Rather, it appears that Mr. Gorman reduced the amount of the overall award to $3,000.00, instead of the awarding [*6]the full amount sought, that being $3,774.00, thereby preventing meaningful review of the issue inasmuch as there were no Findings made with respect to the billings which were not allowed and whether or not such amounts were appropriately reduced. The Court would note that the overall amount of $3,000.00 appears to be unreasonable on its face in light of the limited issues which were litigated. In addition, as a general rule, an award of attorney's fees should be reduced to a separate judgment, not added to an existing support account as arrears. §438 (a) states in pertinent part that "the court may allow counsel fees at any stage of the proceeding, to the attorney representing the spouse... (emphasis added)." Clearly, the attorney would not be entitled to any portion of such award which had already been paid by their client." Appropriate inquiry into such circumstances must be had prior to any determination as to the apportionment of any such award.
Based upon the foregoing, the Court is granting the fourth Objection, in part, and remanding these proceedings for the limited purpose of conducting a hearing upon the issue of the reasonableness of counsel fees.
Accordingly, and for the reasons set forth herein, it is hereby,
ORDERED, that the first, second and third Objections are hereby DENIED in their entirety, and it is further,
ORDERED that the fourth Objection is hereby GRANTED, in part; and it is further 
ORDERED, that these proceedings are hereby REMANDED to the Support Magistrate for a hearing on the limited issue of the reasonableness of the requested attorney's fees.
ENTER:
December 9, 2004
at Oswego, New York
 s/ David J. Roman Hon. David J. Roman
Judge of the Family Court