■ In the Matter of MONROE COUNTY SUPPORT COLLECTION UNIT, on Behalf of PATRICIA WILLS, Respondent, v DAVID WILLS, Appellant. [801 NYS2d 650]—

Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered March 30, 2004 in a proceeding pursuant to Family Court Act article 4. The order determined respondent's child support obligation and pro rata share of uninsured medical expenses.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Contrary to the contention of respondent, Family Court properly imputed income to him in the amount of $70,000. Pursuant to Family Court Act § 413 (1) (b) (5) (v), "if the court determines that a parent has reduced [his or her] resources or income in order to reduce or avoid [his or her] obligation for child support," the court may impute income to the parent based upon former resources or prior employment experiences as well as future earning capacity based upon educational background (*see Matter of Collins v Collins*, 241 AD2d 725, 727

[1997], *appeal dismissed and lv denied* 91 NY2d 829 [1997]). The court "has 'considerable discretion' to attribute or impute income to a parent based upon his or her ability to earn sufficient means to pay child support" (*Matter of Liebman v Liebman*, 229 AD2d 778, 779 [1996], quoting *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [1994]; *see Matter of Cattaraugus County Commr. of Social Servs. ·v Bund*, 259 AD2d 973 [1999]). In determining a parent's child support obligation, a court need not rely on the accounting of the parent with respect to his or her financial resources and, "where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (*Matter of Thomas v DeFalco*, 270 AD2d 277, 278 [2000]). Income may properly be imputed when there are no reliable records of a parent's actual employment income or evidence of a genuine and substantial effort to secure gainful employment (*see Matter of Commissioner of Social Servs. [Daeda] v Monica*, 10 AD3d 260 [2004]).

Here, the court determined the income of respondent based on his pre-1999 income, his education, his experience and his future earning capacity (*see id.*), and respondent failed to establish his entitlement to a lower income (*see Matter of Duguay v Paoletti*, 279 AD2d 767, 768 [2001]). Respondent failed to submit evidence of "genuine and sustained efforts to secure gainful employment" (*Monica*, 10 AD3d at 260). Moreover, the record establishes that respondent's credibility was impeached, and thus the court was entitled to discredit the accounting of respondent's financial resources provided by respondent (*see Thomas*, 270 AD2d at 278).

Respondent's further contention that the court erred in taking judicial notice of prior proceedings is not preserved for our review (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]) and, in any event, is without merit (*see Matter of A.R.*, 309 AD2d 1153).

We have reviewed respondent's remaining contentions and conclude that they either are unpreserved for our review or are without merit. Present—Pigott, Jr., P.J., Gorski, Martoche, Pine and Lawton, JJ.