■ WENDY IRENE, Respondent, v JUAN IRENE, Appellant. (Appeal No. 1.) [836 NYS2d 465]—Appeal from a decision (denominated memorandum and decision and order) of the Supreme Court, Erie County (John A. Michalek, J.), entered February 1, 2006 in a divorce action. The decision determined defendant's child support obligation.

Appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered March 7, 2006 in a divorce action. The judgment, among other things, directed defendant to pay child support in the amount of $1,282.50 per month.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the amounts awarded for child support and arrears in subparagraphs (a) and (e) of the third decretal paragraph and providing in subparagraphs (b) and (c) of that decretal paragraph that defendant shall make a pro rata contribution at the rate of 53% to payment of all the standard add-ons pursuant to the Child Support Standards Act and to any costs plaintiff may incur in providing health insurance for the children and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: We reject the contention of defendant in this divorce action that, because Supreme Court made no finding that he voluntarily reduced his income to avoid paying child support, the court erred in imputing any income to him. The Child Support Standards Act (CSSA) provides that, in awarding child support, a court must first determine the combined parental income using the "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Domestic Relations Law § 240 [1-b] [b] [5] [i]). "A court is not bound by a party's account of his or her own finances" (*Matter of Thomas v DeFalco*, 270 AD2d 277, 278 [2000]; *see Matter of Monroe County Support Collection Unit v Wills*, 21 AD3d 1331, 1332 [2005], *lv denied* 6 NY3d 705 [2006]), nor is a court "required to accept figures on a party's income tax return" (*Matter of Duguay v Paoletti*, 279 AD2d 767, 768 [2001]; *see Matter of Liebman v Liebman*, 229 AD2d 778, 779 [1996]). Rather, the general rule is that "[c]hild support is determined by the parents' ability to provide for their child rather than their current economic situation" (*Matter of Zwick v Kulhan*, 226 AD2d 734, 734 [1996]; *see Matter of Darling v Darling*, 220 AD2d 858, 859 [1995]). "Trial courts [thus] possess considerable discretion to impute income in fashioning a child support award" (*Moffre v Moffre*, 29 AD3d 1149, 1150 [2006]), and a court is not required to find that a parent deliberately reduced his or her income to avoid a child support obligation before imputing income to that parent (*see Goddard v Goddard*, 256 AD2d 545, 546 [1998]; *Darling*, 220 AD2d at 859).

Here, the court properly imputed income in the amount of $61,432 to defendant for the purpose of calculating his child support obligation. The testimony of plaintiff's expert established that the figures on defendant's 2004 tax return were unreliable, and the court was entitled to impute the amount of $61,432 to defendant based on his predivorce profit margin, after apparently applying a discount based on defendant's eco-

nomic distress (*cf. Matter of Bianchi v Breakell*, 23 AD3d 947, 949 [2005]; *Winnert-Marzinek v Winnert*, 291 AD2d 921, 922 [2002]).

We agree with defendant, however, that neither the record nor the court's "record articulation" is sufficient to support the court's application of the CSSA percentage to all of the combined parental income in excess of $80,000 (*Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]). Here, the court merely stated that, "based on the needs of the children and all relevant factors," it applied the statutory formula to all parental income above $80,000. The children's actual needs are not adequately addressed in the record, and the parties were in the midst of bankruptcy proceedings at the time of trial. We thus conclude that the court failed to provide a sufficient "record articulation" to demonstrate that it has "carefully considered the parties' circumstances and that it has found no reason why there should be a departure from the prescribed percentage" (*id.*). We therefore modify the judgment by vacating the amount awarded for child support, and we remit the matter to Supreme Court to determine defendant's child support obligation in compliance with the CSSA (*see e.g. Flanigen-Roat v Roat*, 17 AD3d 1093, 1094 [2005]). We further note that the court made an error in calculating the parties' respective contributions to the support of the children. The combined parental income is $115,000, not $114,000 as found by the court, and defendant's income therefore represents 53% of the total rather than 54%. That correct percentage should be reflected as defendant's pro rata contribution to payment of "all the standard CSSA add-ons such as uninsured medical and child care expenses," as well as any costs plaintiff may incur in providing health insurance for the children. We therefore further modify the judgment accordingly.

Defendant failed to preserve for our review his remaining contention concerning the accrual of arrears under the temporary child support orders and, in any event, that contention is without merit. In view of our determination that the matter must be remitted for recalculation of the amount of child support to be awarded on the parties' combined income above $80,000, we further conclude that the amount of arrears must be recalculated. We therefore further modify the judgment by vacating the amount awarded for arrears, and we direct the court upon remittal to determine defendant's obligation for arrears in compliance with the CSSA. Present—Martoche, J.P., Smith, Centra and Lunn, JJ.