■ COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of IVONNE ACURIA, Respondent, v ANGEL NIEVES, Appellant. [644 NYS2d 744] —Order, Family Court, New York County (Sheldon Rand, J.), entered on or about February 23, 1995, which granted petitioner mother's motion for an increase in respondent father's child support obligation from $70 a week to $126 a week, affirmed, without costs.

Family Court correctly concluded that no deduction should be given to respondent father for the support of the two minor children living in his household—only one of whom is his biological child (Matter of Leyda D. v John A., 216 AD2d 561). It was also a proper exercise of discretion for the court not to consider the child support that the father agreed to provide his second child and stepchild in a written agreement with his current wife. Family Court Act § 413 (1) (f) (8) applies to parents, not stepparents (Matter of Rockland County Dept. of Social Servs. [Alexander] v Alexander, 151 Misc 2d 447). Furthermore, as Family Court observed, it is questionable whether respondent father's agreement with his current wife, with whom he lives as part of an intact family, was entered into in good faith, or rather as a means of decreasing his support obligation to his other biological minor child. Concur—Milonas, J. P., Ellerin, Tom and Mazzarelli, JJ.

Kupferman, J., dissents in a memorandum as follows: I would remand to Family Court for further testimony. At issue is the amount of support to be provided by the father for a child born out of wedlock.

The child was born in 1979 and is now 16 years old. Initially, in 1981, the father was ordered to pay $36 bi-weekly. In 1991, this was increased to $70 per week.

Family Court in this proceeding increased support to $126 per week. The father is married with his own child and also supports a stepchild whose father is dead. He is a New York City Transit Authority bus driver. The mother is a recipient of public assistance and the support that is paid goes to the Social Services agency. The father's wife, probably out of excessive caution, has entered into an agreement with him which requires support for her and the two minor children. Family Court looked askance at this agreement because there was no actual separation and therefore did not take the agreement into account in determining the amount of support.

The Hearing Examiner considered the question of whether the wife could be employed and it appeared that she was unemployable due to a gastrointestinal problem. However, there was no consideration of whether the mother of the out-of-wedlock child was employable. She is on public assistance and, as a result, no consideration is given to her income as would be required by Domestic Relations Law § 240 (*see, Matter of Cassano v Cassano,* 85 NY2d 649, 652).

Therefore, I would remand to consider what the mother's income should be. The young man being 16 years old, there should be consideration of whether his mother ought to be providing some of his support.