■ Lisa Marcus, Respondent, v Barry Marcus, Appellant, et al., Defendant. [788 NYS2d 341]—

Order, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered August 16, 2004, which, to the extent appealable and appealed from, found defendant husband in contempt for failure to pay child support and maintenance, and directed him to purge the contempt by a date certain in the amount of $459,667, upon pain of arrest and commitment, unanimously affirmed, without costs.

There was clear and convincing evidence that the husband's failure to pay child support and maintenance was willful. After plaintiff demonstrated that her husband's failure to make these payments was not inadvertent, he failed to sustain his burden of showing, with competent and credible evidence, his inability

to pay (*see Matter of Powers v Powers*, 86 NY2d 63 [1995]). Among other flaws in his "evidence" was the testimony of the 21-year-old surviving son of the husband's deceased business partner, Andrea Dunham, who has allegedly been the source of funds the husband has been using to pay his counsel fees and his children's costly tuition. We perceive no basis for disturbing the court's rejection of that testimony that this benefactor had been willing to lend exorbitant sums of money to a man he did not know well until his mother passed away, without collateral or any reliable assurance of repayment, especially after he learned of this man's heavy, unsatisfied indebtedness to his mother.

The husband's payment of $110,000 for child support since the initial pronouncement of contempt in June 2003 does not avail him, and smacks of a tactic to delay imprisonment. Likewise, his offer to sell the parties' Rolls Royce to enable him to make a $20,000 tuition payment is inapposite as to whether he has the financial ability to pay the remaining $439,667.

The husband's remaining arguments concerning due process and the rendering illusory of his right to purge contempt are untenable in light of plaintiff's discovery that prior to the subject hearing, he had signed an affidavit of confession of judgment acknowledging his debt of $1,836,805.57 to his deceased business partner's estate. Concur—Tom, J.P., Andrias, Saxe, Friedman and Gonzalez, JJ.