■ In the Matter of BRUCE L., Respondent, v PATRICIA C., Appellant. [880 NYS2d 253]—

Order, Family Court, New York County (Rhoda J. Cohen, J.),

entered on or about May 7, 2008, which denied respondent mother's objections to the Support Magistrate's order, dated February 29, 2008, inter alia, directing her to pay $442 per month in child support, unanimously affirmed, without costs.

The Support Magistrate properly imputed income to respondent based on the disparity between her admitted monthly expenses and her documented monthly Social Security disability benefits (*see Matter of Childress v Samuel*, 27 AD3d 295 [2006]). The Magistrate's credibility findings, which are to be accorded great deference, are amply supported by the record, which demonstrates respondent's inability to explain how she was able to pay expenses so much greater than her stated income, her evasiveness and failure to provide documentation of how she spent a lump-sum Social Security disability payment, which she testified she deposited into a joint account with another person in another state, and her denial of the receipt of proceeds of the settlement of a personal injury lawsuit that court records show was settled for $45,000.

Respondent failed to establish that her pro rata share of the total support obligation is unjust or inappropriate (*see* Family Ct Act § 413 [1] [f] [7]). While she contends that her income is substantially less than petitioner's, she failed not only to document her own income but also to produce evidence to support her claim that petitioner's income exceeded the amount imputed to him. Moreover, although respondent failed to document her extraordinary visitation expenses (Family Ct Act § 413 [1] [f] [9]), the Magistrate considered those expenses in excluding the portion of the combined parental income that exceeds $80,000 from its calculation of the basic support obligation (*see* Family Ct Act § 413 [1] [c] [3]).

Contrary to respondent's contention, the payment of the basic support obligation and arrears does not reduce her income below the applicable poverty income guidelines amount (*see* Family Ct Act § 413 [1] [d]), even if only her 2007 disability income is considered. Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ.