■ In the Matter of JAVELLE M. McELHANEY, Respondent, v RAYMOND A. OKEBIYI, Appellant. [962 NYS2d 56]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about February 16, 2012, which denied respondent father's objections to the Support Magistrate's order directing him to pay $675.00 bi-weekly in child support, unanimously affirmed, without costs.

The Support Magistrate properly imputed income to respondent in calculating the support obligation and there exists no basis to disturb the Support Magistrate's credibility determinations particularly in light of the numerous omissions from respondent's tax returns and Financial Disclosure Affidavit discrepancies (*Matter of Bruce L. v Patricia C.*, 62 AD3d 566 [1st Dept 2009], *lv denied* 12 NY3d 715 [2009]). The evidence established that respondent, an accountant who worked for an entity where his brother was the director, failed to include as income $110,000 in his bank account which respondent characterized as a loan from his brother but which was not reflected as a loan on his tax return, as well as money in a joint bank account with a board member of the entity where respondent works, and that his bank account activity was generally inconsistent with respondent's claimed income. The court thus properly imputed income based on the higher amount of wages listed in respondent's 2009 tax return rather than his 2010 tax return (*id.*; *see Matter of Mongelluzzo v Sondgeroth*, 95 AD3d 1332 [2d Dept 2012], *lv denied* 20 NY3d 854 [2012]). Contrary to respondent's assertions, this did not amount to a deviation from the statutory formula (*see* Family Ct Act § 413 [1] [b] [5] [iv], [v]).

The Support Magistrate also properly considered respondent's education and the fact that he has an M.B.A. degree in questioning the veracity of his purported limited income in 2010 and onward (*see Matter of Collins v Collins*, 241 AD2d 725, 727 [3d Dept 1997], *appeal dismissed and lv denied* 91 NY2d 829 [1997]). She also properly refused to acknowledge child support payments allegedly made for two non-subject children given the evidence in the record that respondent and the mother of the children live at the same address, the limited evidence that a valid order exists, and respondent's failure to present any evidence that he is making such payments (*see Commissioner of*

*Social Servs. of City of N.Y. v Nieves*, 229 AD2d 325 [1st Dept 1996]). Concur—Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.