Order, Family Court, Bronx County (Sidney Gribetz, J.), *479 entered on or about May 2, 2013, which, upon the Support Magistrate’s fact-finding determination, dated May 2, 2013, that respondent father willfully violated a child support order, committed him to the New York City Department of Corrections for a term of four months’ intermittent weekend incarceration, unless discharged by payment of $7,000 to the Child Support Collection Unit, unanimously affirmed, without costs.
The Support Magistrate properly found that respondent willfully violated the order of child support. Petitioner established prima facie that respondent’s failure to pay child support over a five year period was a willful violation of the order of support. In response, respondent failed to show that the violation was not willful by evidence that he was unable to make the required payments (see Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). Respondent and his witnesses gave conflicting testimony as to whether he was working and there is no basis upon which to disturb the Support Magistrate’s credibility determinations (see Matter of Bruce L. v Patricia C., 62 AD3d 566, 567 [1st 2009], lv denied 12 NY3d 715 [2009]).
Further, “unemployment alone does not establish inability to pay” (Matter of Clark v Clark, 88 AD3d 1095, 1097 [3d Dept 2011], lv denied 18 NY3d 803 [2012], lv dismissed 18 NY3d 918 [2012]), especially given respondent’s failure to show that he used his “best efforts to obtain employment commensurate with his qualifications and experience” (see Matter of Bianca J. v Dwayne A., 105 AD3d 574 [1st Dept 2013]).
Moreover, prior to each court appearance, he appeared with a promise of employment and a minor payment on his outstanding arrears, only to lose the new job and discontinue support between hearing dates. Respondent’s last minute attempts to avoid the consequences of his previous failure to pay, including staving off a potential jail sentence, should not be countenanced (see Marcus v Marcus, 14 AD3d 359 [1st Dept 2005], lv dismissed 4 NY3d 846 [2005]).
Respondent’s claims that he was denied a fair trial, due to the Support Magistrate’s reference to respondent’s failure to pay child support for years prior to the hearing, and the Magistrate’s questioning of the witnesses are unpreserved (see Matter of Sheenagh O’R. v Sean F., 50 AD3d 480, 482-483 [1st Dept 2008]). Were we to consider these claims, we would find that the Support Magistrate demonstrated no bias, and that the actions complained of were necessary in order to facilitate or expedite the orderly progress of the hearing (see Matter of Cadle v Hill, 23 AD3d 652 [2d Dept 2005]).
To the extent that the Support Magistrate considered certain *480 notes and tape recordings of prior proceedings, the error, was harmless, given the evidence supporting the determination (see 49th St. Mgt. Co. v New York City Taxi & Limousine Commn., 277 AD2d 103, 106 [1st Dept 2000]). Concur — Mazzarelli, J.P, Andrias, DeGrasse, Feinman and Kapnick, JJ.