■ In the Matter of ELBA S., Respondent, v SADRUD-DIN S., Appellant. [993 NYS2d 900]—

Order, Family Court, Bronx County (Karen I. Lupuloff, J.),

entered on or about October 8, 2013, which, upon the Support Magistrate's fact-finding determination, dated October 8, 2013, that respondent father willfully violated a child support order, committed him to the New York City Department of Corrections for a term of three months weekend incarceration, unless discharged by payment of a purge amount of $5,000 to the Support Collection Unit, unanimously affirmed, without costs. Appeal from the aforementioned fact-finding determination, unanimously dismissed, without costs, as taken from a nonappealable paper (Family Ct Act § 439 [a]).

The Support Magistrate properly found that respondent willfully violated the order of child support. Undisputed documentary evidence established that respondent stopped paying child support in September 2011, constituting prima facie evidence of a willful violation of the support order (*Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). In response, respondent failed to show that the violation was not willful by competent, credible evidence of his inability to make the required payments (*id* at 69-70). While the record establishes that respondent was unemployed, he gave conflicting and evasive testimony regarding his address, income, and efforts to find employment, as well as regarding the availability or purported theft of relevant documents concerning his job search. Accordingly, there is no basis to disturb the Support Magistrate's credibility determinations (*see Matter of Bruce L. v Patricia C.*, 62 AD3d 566, 567 [1st Dept 2009], *lv denied* 12 NY3d 715 [2009]).

Moreover, "[u]nemployment alone does not establish inability to pay," especially where respondent failed to show that he used his "best efforts to obtain employment commensurate with his qualifications and experience" (*Matter of Gina C. v Augusto C.*, 116 AD3d 478, 479 [1st Dept 2014], *lv denied* 23 NY3d 905 [2014] [citations and internal quotation marks omitted]). Rather than search diligently for employment which might allow him to afford the child support payments, the father instead opted to depend on his brother and on public assistance, which purportedly provides him only with sufficient income to support himself and his non-subject child. Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.