Matter of Esposito v Rosa (2019 NY Slip Op 03592)





Matter of Esposito v Rosa


2019 NY Slip Op 03592


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-04890
 (Docket No. F-589-16/17A)

[*1]In the Matter of Jennifer L. Esposito, respondent,
v
Rafael M. Rosa, appellant.


Marjorie G. Adler, Garden City, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Danielle M. Peterson, J.), dated March 14, 2018. The order of commitment, in effect, confirmed an order of disposition of the same court (Lisa M. Williams, S.M.), dated February 2, 2018, made after a hearing, determining that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of 45 days unless he paid the purge amount of $7,030.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 45 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Larrier v Williams, 84 AD3d 805, 806); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The father and the mother have two children together. An order of child support issued in 2016 directed the father to pay $100 per week in child support. The father failed to make payments, and in April 2017, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of the child support order. A hearing was held before a Support Magistrate, who issued an order of disposition determining that the father willfully violated the child support order. Thereafter, the Family Court issued an order of commitment which, in effect, confirmed the order of disposition, and committed the father to the custody of the Nassau County Correctional Facility for a period of 45 days unless he paid the purge amount of $7,030. The father appeals from the order of commitment.
The father's contention that he was deprived of a fair hearing due to the Support Magistrate's prejudice or bias against him is unpreserved for appellate review (see Matter of Berg v Berg, 166 AD3d 763, 765; Matter of Gina C. v Augusto C., 116 AD3d 478, 479). In any event, there is no evidence in the record that the Support Magistrate was prejudiced or biased against the father and deprived him of a fair hearing (see Matter of Bianco v Bruce-Ross, 107 AD3d 886, 887; Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745; Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 947).
The father contends that he was deprived of the effective assistance of counsel at the [*2]hearing before the Support Magistrate. Contrary to the father's contention, viewed in totality, the record reveals that he received meaningful representation at the hearing (see Matter of Berg v Berg, 166 AD3d at 764; Matter of Schad v Schad, 158 AD3d 705, 707; Matter of Becker v Guenther, 150 AD3d 985, 986).
The father's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination, in effect, to confirm the order of disposition.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court