Matter of Harry T. v Lana K. (2023 NY Slip Op 03296)

Matter of Harry T. v Lana K.

2023 NY Slip Op 03296

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Docket No. F-40113/15, F-40113/15/19A Appeal No. 475-476 Case No. 2022-2519, 2020-03945 

[*1]In the Matter of Harry T., Petitioner-Appellant,
v
Lana K., Respondent-Respondent.
In the Matter of Harry T., Petitioner-Respondent,
v
Lana K., Respondent-Appellant.

Polly N. Passonneau, P.C., New York (Polly N. Passonneau of counsel), for appellant/respondent.
The Virdone Law Firm, P.C., Westbury (John Virdone of counsel), for respondent/appellant.

Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about July 8, 2020, which, to the extent appealed from as limited by the briefs, denied respondent-mother's objections to the order of support, same court (Kevin Mahoney, Support Magistrate), entered on or about November 4, 2019, unanimously affirmed, without costs. Appeal from order, Family Court, New York County (Clark V. Richardson, J.), entered on or about May 18, 2022, which denied petitioner father's motion to stay enforcement of an order, same court and Judge, entered upon the father's default on or about January 13, 2022, unanimously dismissed, without costs, as taken from a nonappealable paper.
Family Court properly denied the mother's objections to the Support Magistrate's order, which was supported by findings of fact issued after a lengthy hearing. The Support Magistrate, who was in the best position to evaluate the testimony, found the mother's testimony not credible with respect to her reported income, found the father's testimony credible, and discounted the testimony of the mother's therapist. We can discern no basis to disturb these findings, which are entitled to great deference (see Matter of Minerva R. v Jorge L.A., 59 AD3d 243, 244 [1st Dept 2009]; Matter of Jennifer H.S. v Damien P.C., 50 AD3d 588, 588 [1st Dept 2008], lv denied 13 NY3d 710 [2009]).
The Support Magistrate providently exercised his discretion in imputing income to the mother based on her earning potential as a dentist and on her other assets, as it is permissible to impute income when a party's account of finances is suspect or not credible (see Family Court Act § 413[1]; Matter of McElhaney v Okebiyi, 103 AD3d 544, 544 [1st Dept 2013]). Similarly, use of the National Bureau of Labor and Statistics to determine the median income for a dentist was not an improvident exercise of discretion, as there were no credible records of the mother's income (see Matter of Commissioner of Social Servs. [Daeda] v Monica, 10 AD3d 260, 260 [1st Dept 2004]).
Family Court properly denied the father's motion to stay enforcement of the January 13, 2022 order, as that order was entered upon his default. The proper procedure to challenge an order entered upon a default is a motion to vacate the default and then, should the motion be denied, an appeal from the denial of that motion (CPLR 5015). Because the father failed to move under CPLR 5015(a) to vacate his default before the issuance of the order from which he appeals, he is foreclosed from raising that issue on appeal (see Garland v Garland, 28 AD3d 481, 481 [2d Dept 2006]). Even if we were to consider the father's appeal as one from an order denying a motion to reargue, it would not be properly before us, as the denial of a motion for reargument is not appealable (Smith v Peirera, 176 AD3d 491, 491-492 [1st Dept 2019]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF [*2]THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023