■ Jay Grobman, Respondent, v Barbara Grobman, Appellant. [674 NYS2d 732] —In a matrimonial action in which the parties were divorced by judgment entered February 24, 1993, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered June 20, 1997, as, after a hearing, (1) failed to credit her pursuant to a prior order of the same court dated February 3, 1995, in the amount of $14,412.50 from the net proceeds of the sale of the marital residence and (2) denied her application for a downward modification of her child support obligations for the child that resides with the plaintiff former husband.

Ordered that the order is modified, on the law, by (1) deleting from the first decretal paragraph thereof the sums of $63,968.61 and $57,983.25 and substituting therefor the sums of $78,381.11 and $72,395.75, respectively, and (2) deleting from the second decretal paragraph thereof the sums of $26,160.83 and $142,927.33 and substituting therefor the sums of $11,748.33 and $157,339.83, respectively; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The court erred in failing to credit the defendant in the amount of $14,412.50, as directed in its prior order dated February 3, 1995 (*see, Glynwill Invs. v Shearson Lehman Hutton,* 216 AD2d 78). However, the defendant is not entitled to a downward modification of her child support obligations simply because she has assumed her share of the child's college expenses. The stipulation entered into by the parties in open court, and incorporated but not merged into the judgment of divorce, expressly required the defendant to assume these expenses, and does not call for a reduction in her child support obligations as a consequence (*see generally, Sontag v Sontag,* 114 AD2d 892, 893). O'Brien, J. P., Sullivan, Pizzuto and Joy, JJ., concur.