■ In the Matter of MARYLYNN CELLAMARE, Appellant, v STEVEN LAKEMAN, Respondent. [829 NYS2d 588]—

In a proceeding pursuant to Family Court Act article 4 to terminate an order of child support dated December 21, 2004, the mother appeals from an order of the Family Court, Richmond County (McElrath, J.), dated January 5, 2006, which denied her objections to an order of the same court (Weir-Reeves, S.M.), dated November 23, 2005, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

A parent's duty to support his or her child until the child reaches the age of 21 years is a matter of fundamental public policy in New York (*see* Family Court Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]; *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97 [1993]). However, emancipation of the child suspends the parent's support obligation (*see Matter of Roe v Doe, supra*; *Matter of Alice C. v Bernard G.C., supra*). A child may be emancipated if he or she becomes economically independent of his or her parents (*see Matter of Alice C. v Bernard G.C., supra*).

At the hearing before the Family Court, the mother, as prima facie evidence that her son, Kenneth Lakeman, was economically independent of his parents and hence emancipated, testified only that Kenneth did not live with either of his parents. However, the father testified that Kenneth was still dependent, and that the father provided Kenneth with food, while Kenneth still received mail at the father's house, had his own telephone line at that house, and was still covered by the father's medical insurance. Thus, the father's testimony provided a sufficient basis for the Family's Court's determination that Kenneth was not economically independent. Therefore, the Family Court properly found that Kenneth was not emancipated, and properly

denied the mother's objections. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.