■ In the Matter of CHRISTINA M. CRICENTI, Appellant, v MARYANN CRICENTI, Respondent. [883 NYS2d 302]—

In a child support proceeding pursuant to Family Court Act article 4, the petitioner daughter appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Budd, J.), dated November 19, 2008, as denied her objections to an order of the same court (Buse, S.M.), dated October 1, 2008, which determined that she was not entitled to any child support from her mother.

Ordered that the order dated November 19, 2008, is affirmed insofar as appealed from, without costs of disbursements.

"It is fundamental public policy in New York that parents of minor children are responsible for their children's support until age 21" (*Matter of Guevara v Ubillus,* 47 AD3d 715, 715 [2008], citing *Matter of Roe v Doe,* 29 NY2d 188, 192-193 [1971]). "Nevertheless, children of employable age and in full possession of their faculties who voluntarily and without cause abandon their home, against the will of their parents and for the purpose of avoiding parental control, forfeit their right to demand support even if they are not financially self-sufficient" (*Matter of Guevara v Ubillus,* 47 AD3d at 715-716).

The evidence in the record sufficiently supports the finding that the petitioner, without good cause, chose not to live in her mother's home in order to avoid parental control and to gain independence from her mother (*id.* at 716; *Matter of Bailey v Bailey,* 15 AD3d 577 [2005]).

Accordingly, there is no basis to disturb the findings of the Support Magistrate, who was in the best position to assess the credibility of the witnesses, or the Family Court's conclusion that the petitioner abandoned her mother's home against her mother's will (*see Matter of Guevara v Ubillus,* 47 AD3d at 715; *Matter of Cordero v Olivera,* 40 AD3d 852, 852-853 [2007]; *Matter of Bailey v Bailey,* 15 AD3d at 577). Mastro, J.P., Eng, Belen and Hall, JJ., concur.