■ In the Matter of THOMAS A. NATOLI, Appellant, v JEAN MUELLER, Respondent. [895 NYS2d 843]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Livrieri, S.M.), dated February 4, 2008, which, after a hearing, inter alia, dismissed his petition to compel the mother to provide support and (2) an order of the same court (Budd, J.), dated September 8, 2008, which denied his objections to the order dated February 4, 2008.

Ordered that the appeal from the order dated February 4, 2008, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 8, 2008; and it is further,

Ordered that the order dated September 8, 2008, is affirmed, without costs or disbursements.

It is fundamental public policy in New York that parents of minor children are responsible for their children's support until age 21 (*see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). Emancipation of the child suspends the parent's support obligation (*see Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]). "[C]hildren . . . may be deemed constructively emancipated if, without cause, they withdraw from parental supervision and control" (*Matter of Lowe v Lowe*, 67 AD3d 682, 683 [2009]). Thus, "children of employable age and in full possession of their faculties who voluntarily and without cause abandon their home, against the will of their parents and for the purpose of avoiding parental control, forfeit their right to demand support even if they are not financially self-sufficient" (*Matter of Cricenti v Cricenti*, 64 AD3d 776, 777 [2009]; *see Matter of Guevara v Ubillus*, 47 AD3d 715 [2008]). The evidence sufficiently supports the finding that the subject child was constructively emancipated.

The petitioner's remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.