■ In the Matter of MARK W. SCHILDWACHTER, Respondent, v JENNIFER A. SCHILDWACHTER, Appellant. [42 NYS3d 849]—

Appeal by the mother from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated December 28, 2015. The order denied the mother's objections to an order of that court (Esther R. Furman, S.M.) dated July 22, 2015, which, after a hearing, granted the father's enforcement petition and directed her to pay the father the sum of $5,140 through the Child Support Collection Unit.

Ordered that the order dated December 28, 2015, is affirmed, without costs or disbursements.

In 2010 the parties executed a stipulation that was incorporated but not merged into their judgment of divorce, which required them to share the costs of certain add-on expenses for the subject children. In 2015 the father filed an enforcement petition alleging that the mother had failed to pay her share of the add-on expenses. After a hearing, the Support Magistrate granted the enforcement petition and directed the mother to pay the father the sum of $5,140 through the Child Support Collection Unit. In the order appealed from, the Family Court denied the mother's objections to the Support Magistrate's order granting the father's petition.

"In reviewing a determination of the Family Court, great deference should be given to the determination of the Support Magistrate, who was in the best position to hear and evaluate the evidence, as well as the credibility of the witnesses" (*Matter of VanBeers v VanBeers*, 129 AD3d 1095, 1095 [2015]). Here, the Support Magistrate's finding that the mother failed to pay the father her share of the add-on expenses, as required by the

parties' stipulation, was based upon an assessment of the parties' credibility and is supported by the record (*see Klein v Klein,* 134 AD3d 1066, 1068 [2015]; *Matter of Brandt v Peirce,* 132 AD3d 665, 667 [2015]; *Matter of Bokor v Markel,* 104 AD3d 683 [2013]; *Matter of Strella v Ferro,* 42 AD3d 544, 545 [2007]). Accordingly, the Family Court properly denied the mother's objections to the Support Magistrate's order. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.