▉▉ In the Matter of HANNAH CASEY, Respondent, v DAVID KELLERAN, Appellant. (And Another Proceeding.) [48 NYS3d 752]—

Appeal by the father from an order of the Family Court, Westchester County (Arlene Katz, J.), dated March 31, 2016. The order, insofar as appealed from, denied the father's objections to so much of an order of that court (Esther R. Furman, S.M.) dated April 24, 2015, as, after a hearing, directed him to pay 75% of the private school tuition and expenses incurred by the daughter.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties, who were never married, have two minor children, a daughter and a son. In an order of support dated October 3, 2005, the Family Court directed the father, inter

alia, to pay support for the parties' two children and pay 75% of the cost of the childrens' education at a private school. Ten years later, the mother filed a petition seeking, inter alia, to enforce the order dated October 3, 2005. After a hearing, the Support Magistrate issued an order, inter alia, directing the father to pay 75% of the private school tuition and expenses incurred by the daughter. Thereafter, the father filed objections to the Support Magistrate's order, and the Family Court denied the objections. The father appeals from so much of the Family Court's order as denied his objections to so much of the Support Magistrate's order as directed him to pay 75% of the private school tuition and expenses incurred by the daughter.

In reviewing a determination of the Family Court, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses (*see Matter of Straker v Maynard-Straker*, 133 AD3d 865, 866 [2015]; *Matter of VanBeers v VanBeers*, 129 AD3d 1095, 1095 [2015]). "Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised in that regard. 'In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice' " (*Chan v Chan*, 267 AD2d 413, 414 [1999] [citations omitted], quoting *Manno v Manno*, 196 AD2d 488, 491 [1993]; *see Matter of Amos-Richburg v Richburg*, 94 AD3d 1112 [2012]).

Here, the Support Magistrate rendered her determination after conducting a full hearing, at which the mother established that her daughter suffered from a language-based learning disability that was negatively affecting her academic success and emotional well-being, and that the mother had undertaken various efforts to locate a school that would adequately address the daughter's needs. During the course of the hearing before the Support Magistrate, the daughter applied to and was accepted at a private school, where she is currently enrolled. The record demonstrated that she had begun to thrive and succeed at the private school in ways she had not been able to in the public school setting, ultimately warranting the finding that it was in her best interests to be enrolled at the private school.

The father's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Family Court properly denied the father's

objections to so much of the Support Magistrate's order as directed him to pay 75% of the private school tuition and expenses incurred by the daughter. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.