■ PETER SANDERS, Appellant, v ANN W. SANDERS, Respondent. [54 NYS3d 68]—

Appeals by the plaintiff from (1) an order of the Supreme Court, Nassau County (Margaret C. Reilly, J.), dated May 5, 2014, and (2) an order of that court dated May 15, 2014. The order dated May 5, 2014, insofar as appealed from, granted the plaintiff's motion for a downward modification of his child support obligation only to the extent of reducing his child support obligation based on the payments he made for the college room and board of the parties' child and directing a hearing only as to the issue of whether income should be imputed to either party for purposes of determining their respective shares of the cost of college. The order dated May 15, 2014, insofar as appealed from, denied those branches of the plaintiff's cross motion which were for a hearing as to a further reduction of his child support obligation and to declare the subject child emancipated or direct a hearing on that issue, and granted the defendant's motion for an award of attorneys' fees in the sum of $5,000.

Ordered that the order dated May 5, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 15, 2014, is modified, on the law, by deleting the provision thereof granting the defendant's motion for an award of attorneys' fees in the sum of $5,000, and substituting therefor a provision denying that motion; as so modified, the order dated May 15, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The parties were divorced in 1998, and they entered into a stipulation of settlement that was incorporated but not merged into the divorce judgment. The stipulation provided that the mother was to have primary residential custody of the parties' only child, with the father to pay child support in amounts set forth therein. The stipulation further provided that both parties were to contribute to the cost of college for the child in proportion to their respective incomes as determined by the Child Support Standards Act guidelines at the time the child attended college.

In 2012, the child began attending college. In June 2012 the father moved for a downward modification of child support. The mother cross-moved for a judgment for arrears as to college payments. The Supreme Court issued a pendente lite order in March 2013 requiring the father to pay 50% of the cost of college pending a final determination of the parties' respec-

tive shares of those costs, and to pay child support in accordance with the stipulation.

In subsequent motion practice, the father cross-moved for a downward modification of child support, arguing that the child support obligation should be reduced or eliminated based on his payment of his share of the cost of college. The father further asserted that income should be imputed to the mother for purposes of determining child support and the parties' respective shares of college costs. Additionally, he contended that the child should be declared emancipated, and requested a hearing on all outstanding issues.

By order dated May 5, 2014, the Supreme Court granted the father's June 2012 motion for a downward modification of his child support obligation only to the extent of reducing that obligation based on the payments he made for the college room and board of the parties' child, and directing a hearing only as to the issue of whether income should be imputed to either party for purposes of determining their pro rata shares of the cost of college. By order dated May 15, 2014, the court denied so much of the father's subsequent cross motion as sought a hearing as to whether the child was emancipated, and as to whether income should be imputed to the mother for purposes of child support. The court also granted so much of the mother's motion as sought an award of attorneys' fees in the sum of $5,000.

The Supreme Court properly denied, without a hearing, those branches of the father's motion which were for a downward modification of child support. In order for a party to be entitled to modification of the child support provisions of a stipulation of settlement which was executed prior to the effective date of the 2010 amendments to Family Court Act § 451, that party must show that there has occurred a substantial and unanticipated change of circumstances since the time he or she agreed to the support amount (see Matter of Milton v Tormey-Milton, 133 AD3d 857, 858 [2015]; Gribbin v Gribbin, 126 AD3d 938, 939 [2015]; Matter of Gadalinska v Ahmed, 120 AD3d 1232, 1233 [2014]). Here, the father did not allege any substantial and unanticipated change of circumstances that would warrant such relief. The fact that the child began college in 2012 cannot be considered an unanticipated change in circumstances (see Matter of Trester v Trester, 92 AD3d 949, 950 [2012]; see also Grobman v Grobman, 251 AD2d 544, 544 [1998]), and the father set forth no other basis warranting a downward modification of child support.

Further, the father did not show that the child was emanci-

pated, such that he would be relieved of his child support obligation, nor did he establish his entitlement to a hearing on that issue. "A parent's duty to support his or her child until the child reaches the age of 21 years is a matter of fundamental public policy in New York" (*Matter of Cellamare v Lakeman*, 36 AD3d 906, 906 [2007]; *see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]; *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 105 [1993]). The emancipation of the child suspends the parent's support obligation (*see Matter of Cellamare v Lakeman*, 36 AD3d at 906; *Matter of Alice C. v Bernard G.C.*, 193 AD2d at 105). A child may be deemed emancipated where, inter alia, the child becomes economically independent of his or her parents (*see Matter of Cellamare v Lakeman*, 36 AD3d at 906; *Matter of Alice C. v Bernard G.C.*, 193 AD2d at 105).

Here, the stipulation provided that emancipation would occur upon the happening of certain events, including where the child establishes a "[p]ermanent residence away from the residence of the Wife for a period in excess of 50 consecutive days." "The burden of proof as to emancipation is on the party asserting" that theory (*Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009] [internal quotation marks omitted]; *see Matter of Brinskelle v Widman*, 137 AD3d 1022, 1023 [2016]; *Matter of French v Gordon*, 103 AD3d 722, 722 [2013]). The father failed to show that the child established a permanent residence away from the mother's home for more than 50 consecutive days, or that any other basis for emancipation existed. Thus, he did not show that the child was emancipated, and did not set forth his entitlement to a hearing as to that issue (*see Diaz v Gonzalez*, 115 AD3d 904, 905 [2014]; *see also Matter of Gold v Fisher*, 59 AD3d at 444).

The Supreme Court erred in awarding attorneys' fees to the mother, as she did not submit proof of the time expended by her attorneys in connection with her enforcement motion (*see* Domestic Relations Law § 238; *cf. Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.