■ In the Matter of Diana Monti, Respondent, v Gary DiBedendetto, Appellant. [56 NYS3d 544]—

Appeal by the father from an order of the Family Court, Richmond County (Arnold Lim, J.), dated April 4, 2016. The order denied the father's objections to an order of that court (Janele Hyer-Spencer, S.M.) dated November 9, 2015, which, after a hearing, granted the mother's petition to modify a prior order of support.

Ordered that the order dated April 4, 2016, is affirmed, without costs or disbursements.

The mother and the father are divorced. At issue on this appeal is the father's child support obligation for the parties' youngest child, born June 9, 1994. Pursuant to a March 2012 order of support, the father was directed to pay a certain sum toward the support of the subject child. In September 2012, the child, then 18 years old, moved out of the mother's home, established his own residence, and began paying for all of his own expenses. Thereafter, the father filed a petition to terminate his support obligations. By order dated September 28, 2012, the child was declared emancipated and the March 2012 order of support was suspended. In or around September 2013, the child returned to the mother's home.

Thereafter, the mother sought to reinstate and modify the March 2012 order of support, alleging that the subject child's return to her home constituted a change of circumstance. During the pendency of this matter, on June 9, 2015, the child turned 21 years old. A hearing was commenced shortly thereafter for purposes of determining the father's retroactive child support obligation, if any. At the conclusion of the hearing, the Support Magistrate determined that the child's unemancipated status had been revived and calculated the father's child support obligation based upon an imputed income of $103,310. In an order dated November 9, 2015, the Support Magistrate directed the father to pay $337 per week, effective September 23, 2013, to June 9, 2015, for an aggregate retroactive amount

of $29,752.92. The father filed objections to the Support Magistrate's order, arguing that the Support Magistrate erred in concluding that the child was no longer emancipated and erred in imputing income in the amount of $103,310. By order dated April 4, 2016, the Family Court denied the father's objections. The father appeals.

The Support Magistrate properly determined that the child was no longer emancipated. "It is fundamental public policy in New York that parents of minor children are responsible for their children's support until age 21" (*Matter of Guevara v Ubillus*, 47 AD3d 715, 715-716 [2008], citing *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]; *see* Family Ct Act § 413; *Matter of Natoli v Mueller*, 71 AD3d 899, 899 [2010]; *Matter of Cricenti v Cricenti*, 64 AD3d 776, 777 [2009]). Emancipation of the child suspends a parent's support obligations (*see Matter of Roe v Doe*, 29 NY2d at 192-193; *Matter of Natoli v Mueller*, 71 AD3d at 899). Under the doctrine of economic emancipation, "[c]hildren of employable age are emancipated if they become economically independent of their parents through employment, and are self-supporting" (*Matter of Fortunato v Fortunato*, 242 AD2d 720, 721 [1997], citing *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 105 [1993]). Under the doctrine of constructive emancipation, where "a minor of employable age and in full possession of [his or] her faculties, voluntarily and without cause, abandons the parent's home, against the will of the parent and for the purpose of avoiding parental control [he or] she forfeits [his or] her right to demand support" (*Matter of Roe v Doe*, 29 NY2d at 192; *see Matter of Barlow v Barlow*, 112 AD3d 817, 818 [2013]). "[A] child's unemancipated status may be revived provided there has been a sufficient change in circumstances to warrant the corresponding change in status" (*Matter of Bogin v Goodrich*, 265 AD2d 779, 781 [1999]; *see Matter of Hamdy v Hamdy*, 203 AD2d 958, 958 [1994]). The burden of proof is on the party asserting emancipation (*see Matter of French v Gordon*, 103 AD3d 722 [2013]; *Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]). In reviewing a determination of the Family Court, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses (*see Matter of Casey v Kelleran*, 148 AD3d 800, 801 [2017]; *Matter of VanBeers v VanBeers*, 129 AD3d 1095, 1095 [2015]).

Here, the record supports the Support Magistrate's conclusion that the subject child was neither economically nor constructively emancipated. The evidence demonstrates that the child, who was enrolled in and attending college, voluntar-

ily returned to the mother's home in or around September 2013. Although the child was employed part-time and received an annual sum of $30,000 from a personal injury settlement, the uncontroverted evidence demonstrated that the child was saving that money for future use and was not utilizing any of that money toward his own living expenses (*see Matter of Alice C. v Bernard G.C.*, 193 AD2d at 106; *Guiry v Guiry*, 159 AD2d 556 [1990]; *cf. Matter of Fortunato v Fortunato*, 242 AD2d 720 [1997]). The mother paid for all of the household expenses and food, as well as for the child's car insurance, cell phone service, clothing, and personal items.

The Family Court also properly denied the father's objection with respect to the Support Magistrate's imputation of income. "The level of child support is determined by the parents' ability to provide for their children" (*Signorile v Signorile*, 102 AD3d 949, 951 [2013]; *see Gorelik v Gorelik*, 71 AD3d 730, 731 [2010]; *Bigler v Bigler*, 299 AD2d 435 [2002]; *Matter of Zwick v Kulhan*, 226 AD2d 734 [1996]). In assessing this ability, "[t]he court is not required to rely on a party's account of his or her finances, and may instead impute income based on the party's past income or demonstrated earning potential" (*Siskind v Siskind*, 89 AD3d 832, 834 [2011]; *see Morrissey v Morrissey*, 259 AD2d 472, 472-473 [1999]). Where the party's testimony regarding his or her finances is not credible, "the court is justified in finding a true or potential income higher than that claimed" (*Castello v Castello*, 144 AD3d 723, 725 [2016]; *see Abizadeh v Abizadeh*, 137 AD3d 824, 825 [2016]; *Mosso v Mosso*, 84 AD3d 757, 759 [2011]). The court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal (*see Castello v Castello*, 144 AD3d at 725; *Matter of Funaro v Kudrick*, 128 AD3d 695, 696 [2015]; *Siskind v Siskind*, 89 AD3d at 834). "Because [i]mputed income more accurately reflects a party's earning capacity and, presumably, his or her ability to pay[,] . . . [it] may be attributed to a party as long as the court articulates the basis for imputation and [the] record evidence supports the calculations" (*Matter of D'Andrea v Prevost*, 128 AD3d 1166, 1167 [2015] [internal quotation marks and citations omitted]; *see Matter of Gravenese v Marchese*, 57 AD3d 992, 993 [2008]; *Matter of Ambrose v Felice*, 45 AD3d 581, 582 [2007]). Here, the record supports the Support Magistrate's imputation of $103,310 in income to the father, and thus, the court properly denied the father's objections (*see Sharlow v Sharlow*, 77 AD3d 1430, 1431 [2010]; *Matter of Kasabian v Chichester*, 72 AD3d 1141, 1142 [2010]; *Matter of Commissioner of Social Servs. [Daeda] v Monica*, 10 AD3d 260, 260 [2004]; *Kosovsky v Zahl*, 257 AD2d 522, 523 [1999]).

The father's remaining contentions are without merit.
Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.