Matter of Brooks v Brooks (2019 NY Slip Op 03164)





Matter of Brooks v Brooks


2019 NY Slip Op 03164


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


59 CAF 18-01219

[*1]IN THE MATTER OF MARIA S. BROOKS, PETITIONER-APPELLANT,
v
BENJAMIN S. BROOKS, RESPONDENT-RESPONDENT. 






VAHEY MULDOON RESTON GETZ LLP, ROCHESTER (MARGARET M. RESTON OF COUNSEL), FOR PETITIONER-APPELLANT. 
SUSAN E. GRAY, CANANDAIGUA, FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered August 23, 2017 in a proceeding pursuant to Family Court Act article 4. The order, insofar as appealed from, denied petitioner's first and second objections to an order issued by the Support Magistrate. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the first two objections are granted, and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner mother appeals, as limited by her brief, from those parts of an order denying her first and second objections to an order of the Support Magistrate that modified a prior New Jersey child support order (support order) issued as part of divorce proceedings that occurred in that state. On appeal, the mother contends that Family Court erred in denying those objections because the Support Magistrate erred in applying the law of New Jersey in calculating the modified child support obligation of respondent father. We agree.
In 2011, a New Jersey court issued a judgment of divorce that incorporated but did not merge the parties' separation agreement, which in pertinent part stated that, "[n]otwithstanding the future residence or domicile of either party, this Agreement shall be interpreted, governed, adjudicated and enforced in New Jersey in accordance with the laws of the State of New Jersey." In 2016, when the parties and their children were all living in New York, the mother filed a petition in Family Court, Ontario County, seeking modification of the support order. During that proceeding, the mother also registered the support order in that court (see generally Family Ct Act § 580-601 et seq.). The Support Magistrate agreed with the mother that a modification of the support order was proper under the terms of the agreement, which permitted the parties to seek modification of the father's child support obligation every two years, and calculated the amount of child support pursuant to New Jersey law. The mother filed objections asserting that New York law should govern that calculation (first objection), that the matter should be remitted for a hearing to recalculate the father's child support obligation (second objection), and that she is entitled to attorney's fees. The court denied the objections, concluding that, pursuant to the choice of law provisions of Family Court Act § 580-604, "the law of the issuing state (in this case, New Jersey) governs the nature, extent, amount and duration of current payments under a . . . support order [that has been registered in New York]."
Initially, we conclude that the court had jurisdiction pursuant to the Uniform Interstate Family Support Act ([UIFSA] Family Ct Act art 5-B) to resolve the issues raised in the mother's petition and objections (see § 580-613 [a]; Saxton v Saxton, 267 AD2d 688, 689 [3d Dept 1999]). The UIFSA unequivocally provides that where, as here, the parents reside in this state "and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to [*2]modify the issuing state's child support order in a proceeding to register that order" (§ 580-613 [a]; see also 28 USC § 1738B [e] [1]; [i]). Furthermore, we agree with the mother that New York law must be applied to determine the father's child support obligation here inasmuch as the statute further provides that "[a] tribunal of this state exercising jurisdiction under this section shall apply . . . the procedural and substantive law of this state to the proceeding for enforcement or modification" (Family Ct Act § 580-613 [b]). We also agree with the mother that section 580-604 does not control inasmuch as that section applies to proceedings seeking to enforce prior child support orders or to calculate and collect related arrears and does not apply to proceedings, as here, seeking to modify such an order.
Finally, as the mother correctly contends, the Support Magistrate erred in determining that the choice of law provision in the separation agreement controls over the statute. Although courts will generally enforce a choice of law clause " so long as the chosen law bears a reasonable relationship to the parties or the transaction' " (Friedman v Roman, 65 AD3d 1187, 1188 [2d Dept 2009], quoting Welsbach Elec. Corp. v MasTec N. Am., Inc., 7 NY3d 624, 629 [2006]), courts will not enforce such clauses where the chosen law violates " some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal' " (Cooney v Osgood Mach., 81 NY2d 66, 78 [1993], quoting Loucks v Standard Oil Co. of N.Y., 224 NY 99, 111 [1918]). It is long settled that New York has a "strong public policy that obligates a parent to support his or her child" (Matter of Vicki B. v David H., 57 NY2d 427, 430 [1982]; see Schaschlo v Taishoff, 2 NY2d 408, 411 [1957]). Under New York law, child support obligations are required to be calculated pursuant to the Child Support Standards Act ([CSSA] Family Ct Act § 413), and
" [t]he duty of a parent to support his or her child shall not be eliminated or diminished by the terms of a separation agreement' " (Keller-Goldman v Goldman, 149 AD3d 422, 424 [1st Dept 2017], affd 31 NY3d 1123 [2018]). In addition, whereas New Jersey law provides that child support obligations generally end when a child reaches the age of 19 (see NJ Stat Ann § 2A:17-56.67), in New York, "[a] parent's duty to support his or her child until the child reaches the age of 21 years is a matter of fundamental public policy" (Sanders v Sanders, 150 AD3d 781, 784 [2d Dept 2017]). Under the circumstances, and given that the parties do not have a valid agreement to opt out of the CSSA (see generally Domestic Relations Law § 240 [1-b] [h]), we conclude that enforcement of the parties' choice of law provision would violate those strong New York public policies. We therefore reverse the order insofar as appealed from, grant the mother's first two objections, and remit the matter to Family Court for further proceedings, including a hearing if necessary, to recalculate the father's child support obligation pursuant to New York law.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court