Matter of Vilmont v Vilmont (2021 NY Slip Op 01985)





Matter of Vilmont v Vilmont


2021 NY Slip Op 01985


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-04325
 (Docket No. F-7224-17)

[*1]In the Matter of Sonely C. Vilmont, respondent,
v
Frantz Vilmont, appellant.


Frantz Vilmont, Roosevelt, NY, appellant pro se.
Lawrence M. Schaffer, Plainview, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated February 20, 2020. The order denied the father's objections to an order of the same court (Elizabeth A. Bloom, S.M.) dated August 8, 2019, which, after a hearing, inter alia, granted the mother's petition for an award of child support and directed the father to pay child support in the sum of $417 per month.
ORDERED that the order dated February 20, 2020, is affirmed, with costs.
The parties have two children together. In August 2017, the mother filed a petition for an award of child support. In written findings of fact made after a hearing, the Support Magistrate found that neither party had substantiated their income, and imputed income to both of them. In an order dated April 11, 2018, the Support Magistrate, inter alia, in effect, granted the mother's petition, and directed the father to pay child support in the sum of $664 per month. Subsequently, in an order dated August 2, 2018, the Family Court denied the father's objections to the Support Magistrate's order. The father appealed, and this Court reversed, granted the father's objections, and remitted the matter for a new hearing (see Matter of Vilmont v Vilmont, 173 AD3d 877).
At a second hearing, at which both parties were placed under oath, the mother submitted her 2018 tax documentation and testified regarding her expenses. The father presented his 2014 tax return, as well as documentation of his business expenses for tax years 2014, 2015, and 2016 that he had not submitted during the first hearing. The Support Magistrate received them into evidence. Upon questioning by the Support Magistrate, the father requested that she rely upon the documents he had previously submitted during the first hearing, along with the newly submitted documentation, and stated that he had nothing else he wished to add to the record. In an order dated August 8, 2019, the Support Magistrate, inter alia, granted the mother's petition and directed the father to pay child support in the sum of $417 per month. In an order dated February 20, 2020, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals. 
"'Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered'" [*2](Matter of Fragola v Alfaro, 45 AD3d 684, 685, quoting Matter of Accettulli v Accettuli, 38 AD3d 766, 767 [internal quotation marks omitted]; see Matter of Strella v Ferro, 42 AD3d 544, 545; Matter of Musarra v Musarra, 28 AD3d 668, 669).
Here, contrary to the father's contention, the Support Magistrate's finding that the mother testified credibly regarding her income is supported by the record (see Matter of Schildwachter v Schildwachter, 145 AD3d 1017, 1017-1018). Moreover, the record supports the Support Magistrate's determination to use the father's 2015 income tax return to calculate his child support obligation, as well as her determination to deduct from his gross receipts those business expenses for which he provided receipts for the tax year 2015. The 2015 income tax return "provide[d] a more accurate reflection of [his] actual income" than his 2016 income tax return, or his alleged 2017 earnings (Elizabeth B. v Scott B., 189 AD3d 1833, 1837 [internal quotation marks omitted]; see generally Matter of Moran v Grillo, 44 AD3d 859).
Further, the Family Court properly declined to consider the documents the father submitted for the first time with his objections, inasmuch as "[i]n determining the objections, only documentation that was presented at the hearing can be considered" (see Rzemieniewska-Bugnacki v Bugnacki, 51 AD3d 1029, 1030). In any event, the father had the opportunity to present documents at the hearing, as well as to cross-examine the mother.
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court