Matter of Vayner v Tselniker (2023 NY Slip Op 00099)

Matter of Vayner v Tselniker

2023 NY Slip Op 00099

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2022-02408
2022-02410
 (Docket No. F-2309-20)

[*1]In the Matter of Nathan Vayner, appellant,
v
Alina Tselniker, respondent.

Steven C. Bernstein, Brooklyn, NY, for appellant.
Alina Tselinker, Staten Island, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) findings of fact of the Family Court, Richmond County (Marjorie R. Steinberg, S.M.), dated February 1, 2022 and (2) an order of the same court (Alison M. Hamanjian, J.), dated March 14, 2022. The order denied the father's objections to an order of the same court (Marjorie R. Steinberg, S.M.), dated February 1, 2022, which, after a hearing, and upon the findings of fact dated February 1, 2022, found that the subject child was not emancipated during the period of time from December 14, 2020, to November 27, 2021.
ORDERED that the appeal from the findings of fact dated February 1, 2022, is dismissed, without costs or disbursements, as no appeal lies therefrom (see Matter of Nickel v Nickel, 172 AD3d 1210); and it is further,
ORDERED that the order dated March 14, 2022, is affirmed, without costs or disbursements.
The parties, who were divorced by a judgment of divorce dated November 5, 2012, have one child, a son who was born in August of 2001. The judgment of divorce incorporated, but did not merge, a stipulation of settlement pursuant to which the parties agreed as to the father's child support obligation. As relevant here, the stipulation of settlement provided that the child would be deemed emancipated if he attained the age of 18 years and became employed full-time and self-supporting.
On December 14, 2020, the father filed a petition to modify his child support obligation, alleging that the child was emancipated. The mother consented to the suspension of the father's child support obligation after November 27, 2021, when the child ceased living with her and moved in with the father. After a hearing, the Support Magistrate issued an order finding that the child was not emancipated during the period of time from December 14, 2020, to November 27, 2021. The Family Court denied the father's objections to the Support Magistrate's order, and the father appeals.
The Family Court properly denied the father's objections to the Support Magistrate's [*2]order. "A parent's duty to support his or her child until the child reaches the age of 21 years is a matter of fundamental public policy in New York" (Matter of Cellamare v Lakeman, 36 AD3d 906, 906; see Family Ct Act § 413). "However, emancipation of the child suspends the parent's support obligation" (Matter of Cellamare v Lakeman, 36 AD3d at 906; see Matter of Monti v DiBedendetto, 151 AD3d 864, 865). Emancipation "occurs once the child becomes economically independent through employment and is self-supporting" (Matter of Smith v Smith, 85 AD3d 1188, 1188; see Matter of Monti v DiBedendetto, 151 AD3d at 865). "The fact that a child may work full time is not determinative, as a child cannot be deemed economically independent if he or she still relies upon a parent for significant economic support" (Matter of Drumm v Drumm, 88 AD3d 1110, 1113). "In reviewing a determination of the Family Court, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses" (Matter of Monti v DiBedendetto, 151 AD3d at 865; see Matter of Casey v Kelleran, 148 AD3d 800, 801).
Here, the record supports the Support Magistrate's finding that the child was not emancipated. The evidence demonstrated that, although the child worked full-time and paid for his own car insurance, his mother still paid for his food, shelter, clothing, laundry, cell phone service, and an income tax preparation service, and his father provided the child with cash and purchased parts that were used to repair the child's cars (see Matter of Monti v DiBedendetto, 151 AD3d at 865; Matter of Smith v Smith, 85 AD3d at 1188; Matter of Cellamare v Lakeman, 36 AD3d at 906-907; cf. Matter of Lowe v Lowe, 67 AD3d 682, 683). Under these circumstances, we decline to disturb the Family Court's finding that the child was not emancipated during the period of time from December 14, 2020, to November 27, 2021.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court