Matter of Royal v Royal (2025 NY Slip Op 03576)

Matter of Royal v Royal

2025 NY Slip Op 03576

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-02117
 (Docket No. F-17249-18)

[*1]In the Matter of Mireille M. Royal, respondent,
v
Albert Royal, appellant.

Stephen David Fink, Forest Hills, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Marjorie Steinberg, J.), dated February 15, 2024. The order, insofar as appealed from, denied the father's objections to so much of an amended order of support of the same court (Nicholas J. Palos, S.M.) dated December 14, 2023, as, after a hearing, and upon amended findings of fact dated December 8, 2023, determined that the father's retroactive support obligation for the period from July 5, 2018, through December 31, 2019, was the total sum of $48,200.22, which consisted of the sum of $27,414.00 for basic child support and the sum of $20,786.22 for spousal support.
ORDERED that the order dated February 15, 2024, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the father's objections to so much of the amended order of support as determined that the father's retroactive support obligation for the period from July 5, 2018, through December 31, 2019, was the total sum of $48,200.22 are granted, that portion of the amended order of support is vacated, and the matter is remitted to the Family Court, Kings County, for a recalculation of the father's income for the period from November 2018 through December 31, 2019, and thereafter, if appropriate, a recalculation of the father's total retroactive support obligation for the period from July 5, 2018, through December 31, 2019, in accordance herewith.
The parties were married in 2014, and they separated in June 2018. There are two children of the marriage, born in 2014 and 2015. In July 2018, the mother filed a petition seeking an initial determination of child and spousal support. In November 2018, the father sustained an injury to his hand while at work and was subsequently laid off. In addition to the injury to his hand, the father was injured in two motor vehicle accidents, in April 2019 and July 2019, one of which resulted in surgery. The father was unable to return to work as a construction worker as a result of his injuries and, after exhausting his unemployment benefits, he began receiving public assistance.
After a hearing, the Support Magistrate utilized the father's earnings from his 2018 federal income tax return to calculate his child support and spousal support obligations for the period including November 2018 through December 31, 2019. The Support Magistrate determined that the father's support obligation for the period from July 5, 2018, through December 31, 2019, was the total sum of $48,200.22, which consisted of the sum of $27,414.00 for basic child support and the sum of $20,786.22 for spousal support. However, the Support Magistrate lowered the father's child support obligation to $25.00 per month and eliminated spousal support from January 1, 2020, [*2]onward, determining that the father "has clearly demonstrated an inability to work after January 1, 2020."
Family Court Act § 413(1)(b)(5)(i) defines "income" as income that "should have been or should be reported in the most recent federal income tax return" (see Domestic Relations Law § 240[1-b][b][5][i]). "The court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal" (Matter of Monti v DiBedendetto, 151 AD3d 864, 866). "In determining a parent's child support obligation, the court need not rely upon the parent's own account of his or her finances, but may impute income, inter alia, based upon the parent's past income or demonstrated earning potential" (Muldowney-Walsh v Desroches, 167 AD3d 1022, 1023-1024). However, such determinations must be supported by the record (see id. at 1024).
Here, the Family Court should not have utilized the father's 2018 federal income tax return to calculate his support obligations for the period from November 2018 through December 31, 2019. The Support Magistrate's determination that the father's 2018 income tax return provided an accurate reflection of his actual income for that period is not supported by the record (see Matter of Vilmont v Vilmont, 192 AD3d 1126, 1126-1127). The record shows that the father's income for 2019 was $10,800 from unemployment compensation, and the Support Magistrate did not impute income to the father for 2018 or 2019.
Accordingly, the matter must be remitted to the Family Court, Kings County, for a recalculation of the father's income for the period from November 2018 through December 31, 2019, and thereafter, if appropriate, a recalculation of his retroactive basic child support obligation and spousal support obligation for the period from July 5, 2018, through December 31, 2019.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court