Matter of Bazinian v Grimberg (2025 NY Slip Op 07298)

Matter of Bazinian v Grimberg

2025 NY Slip Op 07298

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-05156
2024-05164
2024-05165
2024-08536
2024-08539
 (Docket No. F-22479-19)

[*1]In the Matter of Anna Bazinian, appellant, 
v
Gregory Grimberg, respondent.

Anna Bazinian, Brooklyn, NY, appellant pro se.
Elliot Green, Brooklyn, NY, for respondent.

DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from (1) supplemental findings of fact of the Family Court, Kings County (Gabriella F. Richman, S.M.), dated April 19, 2024, (2) an amended order of support of the same court (Gabriella F. Richman, S.M.) dated April 30, 2024, (3) an order of the same court (Amanda E. White, J.) dated June 14, 2024, (4) an amended order of support of the same court (Gabriella F. Richman, S.M.) dated June 20, 2024, and (5) an order of the same court (Jessica Sin, J.) dated July 23, 2024. The supplemental findings of fact dated April 19, 2024, found that the mother failed to provide credible evidence regarding ongoing childcare expenses for the parties' two older children and regarding retroactive childcare expenses for a certain time period. The amended order of support dated April 30, 2024, amended the amount the father owed for retroactive childcare expenses. The order dated June 14, 2024, insofar as appealed from, denied the mother's objections to the amended order of support dated April 30, 2024. The amended order of support dated June 20, 2024, incorporated corrections directed by the Family Court in the order dated June 14, 2024. The order dated July 23, 2024, denied the mother's objections to the amended order of support dated June 20, 2024.
ORDERED that the appeal from the supplemental findings of fact dated April 19, 2024, is dismissed, as no appeal lies therefrom (see Matter of Vayner v Tselniker, 212 AD3d 638); and it is further,
ORDERED that the appeal from the amended order of support dated April 30, 2024, is dismissed, as that order was superseded by the order dated June 14, 2024; and it is further,
ORDERED that the appeal from the amended order of support dated June 20, 2024, is dismissed, as that order was superseded by the order dated July 23, 2024; and it is further,
ORDERED that the order dated June 14, 2024, is affirmed insofar as appealed from;
and it is further,
ORDERED that order dated July 23, 2024, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the father.
The parties were never married to each other and never lived together. In August 2019, the mother commenced a paternity proceeding to have the father adjudicated the father of four children born between 2011 and 2019 and for an award of child support. At the time of filing, the father and children had never seen each other. In 2021, orders of filiation were entered adjudicating the father the father of all four children.
In an order of support dated June 13, 2023, after a hearing, and upon findings of fact dated June 12, 2023, a Support Magistrate, inter alia, calculated basic child support in the amount of $5,502.50 per month ($4,210.83 computed from the first $163,000 of the parties' combined adjusted gross income and $1,291.67 computed based on 31% of an additional $50,000 of the parties' combined adjusted gross income in excess of the statutory cap of $163,000) and directed the father to pay $6,294 per month (basic child support in the sum of $4,842 per month and $1,452 per month for childcare expenses). The mother filed objections to the order of support, contending that the Support Magistrate improperly calculated the basic child support payment. In an order dated August 2, 2023, the Family Court, among other things, denied the mother's objections to so much of the Support Magistrate's order as calculated the father's basic child support payment and remanded the matter to the Support Magistrate for a new determination on the "add-on childcare expenses."
Upon remand, in supplemental findings of fact dated April 19, 2024, the Support Magistrate found, inter alia, that the mother failed to provide credible evidence regarding ongoing childcare expenses for the parties' two older children and regarding retroactive childcare expenses allegedly incurred from August 2019 through March 2020 and from May 2021 through July 2021. The Support Magistrate issued an amended order of support dated April 30, 2024, which, among other things, amended the amount the father owed for retroactive childcare expenses. The mother filed objections to the amended order of support dated April 30, 2024. In an order dated June 14, 2024, the Family Court, inter alia, denied the mother's objections. The Support Magistrate thereafter issued an amended order of support dated June 20, 2024, incorporating corrections directed by the court in the order dated June 14, 2024. In July 2024, the mother filed objections to the amended order of support dated June 20, 2024, contending that the issues of basic child support and childcare expenses were "still relevant" and her objections should not be "disregarded." In an order dated July 23, 2024, the court denied the mother's objections as barred by the doctrine of res judicata. The mother appeals.
"'The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling'" (Matter of Glick v Ruland, 185 AD3d 926, 927, quoting Matter of Freeman v Freeman, 71 AD3d 1143, 1144). "Where, as here, the combined parental income exceeds the statutory cap, in fixing the basic child support obligation on income over the cap, the court has the discretion to apply the factors set forth in Family Court Act § 413(1)(f), or to apply the statutory percentages, or to apply both" (Matter of Good v Ricardo, 189 AD3d 830, 831; see Family Ct Act § 413[1][c][3]). The court must "articulate its reason or reasons for [that determination], which should reflect a careful consideration of the stated basis for its exercise of discretion, the parties' circumstances, and its reasoning why there [should or] should not be a departure from the prescribed percentage" (Matter of Fanelli v Orticelli, 178 AD3d 700, 702 [internal quotation marks omitted]). "In addition to providing a record explanation for deviating or not deviating from the statutory formula, a court must relate that record articulation to the factors set forth in Domestic Relations Law § 240(1-b)(f)" (Hepheastou v Spaliaras, 201 AD3d 793, 794-795 [internal quotation marks omitted]).
Contrary to the mother's contention, the Family Court engaged in a thorough analysis of the parties' financial situation, including the father's considerable income, the income disparity between the parties, and the living condition and needs of the children. Under the circumstances [*2]presented, the court providently exercised its discretion in calculating the parties' child support obligations based on combined parental income of an additional $50,000 in excess of the $163,000 statutory cap. The court's determination is adequately supported by the record and was not an improvident exercise of the court's discretion (see Matter of Cassano v Cassano, 85 NY2d 649, 655).
Contrary to the mother's further contention, the Family Court did not improvidently exercise its discretion in declining to award ongoing childcare expenses for the two older children and for retroactive childcare expenses from August 2019 through March 2020 and from May 2021 through July 2021, as the mother failed to provide credible evidence to support those alleged expenses (see Family Ct Act § 413[1][c][4]; Matter of Quashie v Wint, 148 AD3d 905, 906-907).
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court